## WALDO THEATRE CORPORATION v. DONDIS et al.

District Court, D. Maine, S. D.

April 17, 1941.

686

See, also, 1 F.R.D. 591.

George S. Ryan, of Boston, Mass., for plaintiff.

Nutter, McClennen & Fish, of Boston, Mass., John F. Caskey, of New York City, and Perkins, Weeks & Hutchins, of Waterville, Me., for defendants.

PETERS, District Judge.

In this case, and in similar cases pending in the Northern Division, it becomes necessary to decide upon what issues, if any, the plaintiff is entitled to a jury trial.

Referring now to the above entitled case pending in the Southern Division: The complaint was filed January 2, 1940, by the plaintiff seeking to recover treble damages for violation of the anti-trust law by the defendants. An injunction was asked for to restrain continuance of an alleged conspiracy to injure the plaintiff in its business. Answers by the defendants (numerous moving picture concerns in different parts of the country) were on file and the matter was at issue on April 15, 1940. The time for serving a demand for a jury trial elapsed without such a demand being made. On August 30, 1940, the case was referred to a master to find and report the facts, with such questions of law as any party might request. Hearings began before the master, in Boston, on December 3, 1940, and have continued ever since, with recesses for holidays, etc. It is understood that some weeks yet will be required to finish presenting the case for the plaintiff. It appears that the documentary exhibits already introduced in the hearings before the master exceed 1,800 in number.

On January 31, 1941, the plaintiff filed a supplemental complaint in which it asserted that the alleged illegal acts of the defendants had continued after the filing of the original complaint, causing it to suffer further loss for which he asked damages.

Answers were filed denying the allegations in the supplemental complaint, the last answer being filed February 24, 1941.

On February 27, 1941, the plaintiff served a demand for "a trial by jury upon all issues raised by the supplemental complaint and the original complaint". The defendants object to the demand and to a trial by jury.

The matter is governed by the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Under Rule 38(b) any party may demand a trial by jury on any issue triable of right by a jury by serving a written demand therefor "not later than 10 days after the service of the last pleading directed to such issue." By Rule 38(d) it is provided that "the failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury."

The issues raised by the complaint were, (1) whether the defendants, over a certain period, had engaged in a conspiracy in restraint of trade, injuring the plaintiff in its business, and (2), if so, the damages suffered by the plaintiff thereby.

The issues raised by the supplemental complaint were, (1) whether the conspiracy described in the original complaint had continued since its date, and (2), if so, the damages sustained thereby.

The plaintiff claims that the last answer to the supplemental complaint is "the last pleading in the case", and that its demand for a jury trial, served within ten days from that time, entitles it to a jury trial on all issues raised by both the original and the supplemental complaint.

▮ The plaintiff's position is apparently based on the erroneous assumption that a trial is still—as it was at common law—a trial of the whole case as an indivisible entity; where as it is now, or may be, a collection of issues which may be separately handled. An action may now be split up into issues which may be tried separately, some with a jury and some without. A party may waive a jury on some issues and demand a jury trial on others. It is provided by Rule 39(b) that "issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court". The basic issue in this case is whether the defendants conspired to the injury of the plaintiff as set forth in the original complaint. A jury trial of that issue having been waived by permitting Rule 38(d) to operate, the action, so far as that issue is concerned, becomes a court action. It is still such unless the answer to the supplemental complaint filed February 24, 1941, is "the last pleading directed to such issue". Rule 38 (b). That is, the issue triable of right by a jury, which the party wishes so tried.

▮ It is clear that the answers to the supplemental complaint were in response to the allegations in that complaint, which were only to the effect that the conspiracy, if it existed, had continued after the date of the original complaint with more damage to the plaintiff. These answers were pleadings directed to the issues raised by the supplemental complaint and by no reasonable interpretation can be said to be directed to the prior, basic issue as to whether there was a conspiracy in the first place. The last pleading directed to that issue was the answer filed April 15, 1940. The plaintiff's demand, made in February, 1941, for a jury trial on all the issues in the case was not effective as to issues raised by the original complaint, as the demand was served long after the time fixed. It was effective only as to the issues raised by the supplemental complaint, being seasonably filed within ten days after the service of the last pleading directed to those issues.

I do not find any reported decisions on the question involved, but it is analogous to the point raised at the New York Symposium on the Rules, reported in pp. 309, 310 of those proceedings where the question propounded was whether, if the plaintiff fails to seasonably demand a jury trial, and thereafter amends its complaint, it may demand a jury trial at a later date. The answer suggested that a jury trial may be demanded only on any new issues introduced by the amendment and not as to the former issues. I regard the principle applied there as correct and applicable here. The plaintiff is entitled to a jury trial only on the new issues raised by the supplemental complaint.

▮ The plaintiff, possibly anticipating a decision that its waiver of a jury trial on the main issue in the case was not affected by the later proceedings, requests that the Court, in its discretion, under rule 39 (b), order a jury trial on all the issues in the case. To adopt that suggestion would not make for a speedy or a proper decision in this case, which has now proceeded in its present phase of hearings before the mas-

ter for several months on the assumption of all parties that it was and would continue to be a court action. It would be a practical impossibility for a jury to analyze the evidence and appreciate its bearing in a case of such complexity and bulk, the total documentary exhibits, some of them long contracts, probably eventually exceeding 2,000 in number.

It is quite clear that the new rules favor a trial of issues by a jury only when that is the best tribunal to decide them. There could hardly be a more ineffective or unsatisfactory tribunal than a jury for such a case as this.

The objections of the defendants to the plaintiff's demand for a jury trial on the issues raised in the complaint are sustained and overruled as to the issues raised by the supplemental complaint. As to when and how a jury will be called in to hear and decide the issues of fact raised by the supplemental complaint—if a jury trial is still desired on those issues—may be taken up later.

The same ruling will apply and is made in the cases of Millinocket Theater, Inc., v. Samuel Kurzon et al., and Clarence F. Millett v. Kurson et al., pending in the Northern Division of this District.