**MUNKACSY v. WARNER BROS. PICTURES, Inc.**

Civ. No. 2454.

District Court, E. D. New York.

May 18, 1942.

Ralph L. Kaskell, Jr., of Jamaica, N. Y., for plaintiff.

R. W. Perkins, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is a motion for an order expunging plaintiff's notice for trial by jury dated May 2, 1942 from the files of the clerk of this court and restoring this action to the civil non-jury calendar.

This action was commenced in the Supreme Court of the state of New York by the service of a summons and complaint upon the defendant on October 30, 1941. It was removed to this court by the filing of a petition and bond on November 19, 1941. Defendant's answer was served by mail on December 23, 1941. In order to obtain a jury trial the plaintiff is required to file a demand therefor not later than ten days from the date the defendant's answer is served (Rule 38 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c) and plaintiff is entitled to three days more under Rule 6 (e) of the Federal Rules of Civil Procedure when the answer is served by mail, making a total of thirteen days from the date the defendant's answer is mailed.

On March 11, 1942 plaintiff's present attorney was substituted as attorney for plaintiff. A motion was thereafter made by the plaintiff for leave to serve and file an amended complaint setting forth an additional cause of action for libel. The original complaint contained a cause of action based on the violation of the Civil Rights Law of the State of New York, Consol. Laws, c. 6. An order was made by one of the Judges of this court on April 17, 1942 permitting the service and filing of the amended complaint. The amended complaint was served on April 20, 1942. It contains two causes of action, the first cause of action being for libel and the second cause of action being for violation of the Civil Rights Law of the State of New York, which is the same cause of action alleged in the original complaint. The relief demanded in the original complaint contains but one cause of action for the violation of the Civil Rights Law of the State of New York. The first cause of action in the amended complaint is new, it being for libel.

By failing to serve the demand for a jury trial within ten days after the

service of the answer, the plaintiff has waived the right to a trial by jury as to all issues raised by the original pleading, namely the second cause of action based upon the violation of the Civil Rights Law of the State of New York. See Waldo Theatre Corporation v. Joseph Dondis et al., D.C.Me., 1 F.R.D. 685, decided April 17, 1941. To the same effect see Holtzoff, New Federal Procedure and the Courts, p. 109. "The time within which such a demand may be served is not extended by the service of amended pleadings, (Rules 38 and 39; Buggeln & Smith, Inc., v. Standard Brands, Inc., [D.C.] S.D.N.Y., 27 F.Supp. 399) unless, of course, an amended pleading introduces new issues triable by a jury, and, as to the latter, the time within which a jury trial may be demanded would necessarily commence to run from the service of the amended pleading." However, the plaintiff is entitled to a jury trial upon the first cause of action as a demand therefore was served within the ten day period.

■ There is no necessity for two trials, one by the Judge with a jury and one by the Judge without a jury. The trial of both issues can be had at the same time. The procedure which should be followed here is the same as that indicated by the court in Elkins v. Nobel, D.C., 1 F.R.D. 357, 358, decided June 24, 1940, as follows: "The inclusion in the complaint of a fraudulent transfer cause of action does not deprive the defendants of their right to a trial by jury as to the other causes of action. However, there need not be two trials. The defendants will not be prejudiced by one trial as the evidence relating to all the causes of action is practically the same. The Court can proceed to impanel a jury, take such evidence as is germane to the second, third and fourth causes of action, submit those causes of action to the jury, then decide the issue of fraudulent conveyance or, if necessary, take such additional testimony as may be necessary on that cause of action, in the absence of the jury."

The court should impanel a jury on the first cause of action, take such evidence as is germane to the first cause of action and submit that cause of action to the jury. If all the evidence is in then the court may decide the issues raised by the second cause of action or, if necessary, take such additional testimony as may be necessary on that cause of action in the absence of the jury. This procedure was followed in the case of Joseph J. Healy, Jr. v. Fidelity National Bank in New York and Thomas F. Hanley, D.C., E.D.N.Y., 2 F.R.D. 339, decided May 6, 1942.

Settle order on notice.