**HELLENDALL DISTRIBUTORS, INC.**

v.

**S.B. THOMAS, INC.**

**Civ. A. No. 82–4595.**

United States District Court,
E.D. Pennsylvania.

April 6, 1983.

Fox, Rothschild, O'Brien & Frankel, Abraham C. Reich, Philadelphia, Pa., for plaintiff.

Morgan, Lewis & Bockius, James J. Rodgers, Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

Before the court is the defendant's motion for partial summary judgment on its counterclaim. The defendant is a producer of bakery products. The plaintiff is a distributor of bakery products and has distributed the defendant's products since 1941. On September 20, 1982, the defendant notified the plaintiff that it intended to terminate the plaintiff's distributorship. Shortly thereafter the plaintiff brought this action alleging, *inter alia,* that the defendant had breached a distributorship and franchise agreement with the plaintiff by unlawfully terminating it. In its answer, the defendant denied the plaintiff's allegations and counterclaimed, seeking payment for bakery products delivered to the plaintiff after September 25, 1982.

The defendant now moves for summary judgment on the counterclaim. Attached to its motion is the affidavit of John Androski, the defendant's controller. He states that the balance due the defendant for bakery products delivered to the plaintiff is $369,518.29. The plaintiff admits having received bakery products from the defendant for which it has not paid, and it has not raised any objections to the defendant's calculations of the amount owed. I will, therefore, assume that $369,518.29 is the amount owed for the goods delivered. *See* F.R.C.P. 56(e).

The plaintiff argues that it is entitled to set off the amount owed to the defendant for the goods delivered against the damages it seeks for breach of the alleged exclusive dealership contract, and that, therefore, the defendant's motion for summary judgment should be denied.

The plaintiff bases its right to set off on Section 2–717 of the Uniform Commercial Code,[1] which reads as follows:

The buyer on notifying the seller of his intention to do so, may deduct all or any part off the damages resulting from any breach of the contract from any part of the price still due under the same contract.

The plaintiff argues that the defendant breached an ongoing "exclusive dealing contract" when it terminated the plaintiff's distributorship, and, therefore, that the plaintiff has a right to deduct the resulting damages from the amount due to the defendant for delivered goods. Because the plaintiff has alleged damages in excess of the amount claimed in defendant's counterclaim, the plaintiff feels entitled to withhold payment of the entire sum.

It is axiomatic that summary judgment will not be granted if there exist disputed issues of material fact. The plaintiff claims that the existence and scope of the exclusive dealing contract remained in issue and that summary judgment, therefore, may not be granted. I disagree.

▪ It is undisputed that the plaintiff has taken delivery of goods and has not rejected them. The plaintiff has, therefore, "accepted" the goods. *See* UCC § 2–606. Uniform Commercial Code § 2–607(1) states that "the buyer must pay at the contract rate for any goods accepted." Because the goods were accepted, the plaintiff has an obligation to pay the contract price for them.

▪ Uniform Commercial Code § 2–717 does not provide a right to set off the amount owed under §§ 2–606 and 2–607 because the obligation to pay for goods

---

1. The defendant states that New Jersey law applies in this case. The plaintiff, on the other hand, asserts that Pennsylvania law should apply. Because I find that there is no material conflict between Pennsylvania and New Jersey law for the purpose of ruling on the defendant's

motion, I will not decide that issue. I will, therefore, simply cite to sections of the Uniform Commercial Code, which in Pennsylvania is located at 13 Pa.C.S. § 1101, *et seq.*, and in New Jersey is located in N.J.Stat. 12A:1–101, *et seq.*

tendered and accepted does not arise under the "same contract" as the alleged breach of an exclusive dealing or distributorship arrangement by the defendant. *See, Sharp Electronics Corp. v. Arkin-Medo, Inc.,* 86 App.Div.2d 817, 452 N.Y.S.2d 589, 333 UCC rep. 279 (N.Y.App.Div.1982). It is not disputed that goods were delivered by the defendant to the plaintiff and that the plaintiff has not paid the contract price for these goods. Nor has the plaintiff challenged the contract price proposed by the defendant. The plaintiff's sole justification for refusing payment is the right to set-off established by UCC § 2–217. Because I find as a matter of law that § 2–217 does not apply in this case, the defendant's motion for summary judgment will be granted.

The defendant has also moved for entry of a final judgment on his counterclaim under F.R.C.P. 54(b). The plaintiff has not addressed this issue in its response to the defendant's motion. I will ask the defendant to brief this issue within ten days of the receipt of this opinion.