Cheryl D. BONNEY, Plaintiff,

v.

CANADIAN NATIONAL RAILWAY COMPANY, Defendant.

Civ. No. 83–0039 P.

United States District Court,
D. Maine.

Dec. 6, 1983.

Jack H. Simmons, William D. Robitzek, Berman, Simmons, Laskoff & Goldberg, P.A., Lewiston, Maine, for plaintiff.

John H. Montgomery, Jensen, Baird, Gardner & Henry, Portland, Maine, for defendant.

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

GENE CARTER, District Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(A), Plaintiff Cheryl D. Bonney requests that the Court reconsider the Magistrate's Order of July 13, 1983, which denied the Plaintiff's request to remand this action to the state superior court on the basis that removal to federal court violates 28 U.S.C. § 1445(c), and denied Plaintiff's request for a jury trial pursuant to Federal

Rules 81(c) and 39(b). For the reasons set forth below, Plaintiff's motion is *DENIED*.[1]

## ACTIONS ARISING UNDER MAINE'S WORKERS' COMPENSATION ACT

[2] Title 28, United States Code, Judiciary and Judicial Procedure, Section 1445(c) provides that, "a civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States," *id.* Accordingly, if the present action falls within the purview of Maine's Workers' Compensation Act, 39 M.R.S.A. § 1, *et seq.*, it must be remanded to Maine Superior Court.

The Maine Workers' Compensation Act, however, does not create the legal liability of a third-person for injury to an insured employee. *Hobart v. O'Brien,* 243 F.2d 735 (1st Cir.1957), *cert. denied,* 355 U.S. 830, 78 S.Ct. 42, 2 L.Ed.2d 42, *reh'g denied,* 355 U.S. 879, 78 S.Ct. 139, 2 L.Ed.2d 110. This is necessarily so because under the worker's compensation statute, an employee injured under circumstances creating in some person other than his or her employer a legal liability to pay damages in respect thereto

does not, by claiming and accepting compensation from his or her employer, lose his or her right to bring a common law action against such other person. The employee loses such right only as to his or her employer. *Mitchell v. Peaslee,* 143 Me. 372, 63 A.2d 302 (1948); *Foster v. Congress Sq. Hotel Co.,* 128 Me. 50, 145 A. 400 (1929).

■ Any suit for personal injuries or consequent wrongful death brought by an employee against a third-party tortfeasor is therefore brought under Maine's substantive law governing tort-related causes of action. An action for wrongful death does not arise out of or under the Workers' Compensation Act. Thus, unless otherwise inappropriate, removal is not barred by 28 U.S.C. § 1445(c). Plaintiff's request for remand to state court is denied.

## PLAINTIFF'S RIGHT TO JURY TRIAL[2]

Plaintiff contends first that no waiver of her right to jury trial has occurred under the pertinent provisions of F.R.Civ.P. 81(c). Alternatively, plaintiff contends that if a waiver of that right has occurred, she is entitled to a favorable exercise of the

1. Of course, a finding that Plaintiff has waived her right to jury trial presupposes that Defendant's answer is the final pleading in this action. A right to jury trial which has been waived under Rule 38 may be revived by an amended or supplemental pleading raising new issues. However, the rule in this District is that a previously waived right to a jury trial is not revived by an amended or supplemental pleading that does not raise new issues. *Waldo Theater Corp. v. Dondis,* 1 F.R.D. 685 (D.Me. 1941). Moreover, the applicable principle is that a jury trial may be demanded only as to any new issues introduced by the amendment and not as to the former issues. *Id.*

Nevertheless, relief from failure to make a timely demand for jury trial may also be sought by methods other than by appealing to the discretion of the Court under Rule 39(b), such as, for example, by appealing to the discretion of the Court under Rule 6(b), which authorizes the Court to allow extension of the time for doing an act, upon motion made after the expiration of the specified period, where the failure to act was the result of excusable neglect. Rule 6(b)(2).

2. The motion "moves the Court to exercise its discretion to order a jury trial . . . ." and there follows a listing of five bases for such action.

One of them is, "The plaintiff's failure to file a jury demand within ten days after removal was due to inadvertence and honest mistake." This must be viewed as a conclusory statement in a pleading and cannot be construed to be a factual assertion or representation that failure to file a demand was actually caused by mistake or inadvertence. Even if this statement be treated as an assertion of fact, it misses the actual issue posed in this case because it is based upon the incorrect premise that plaintiff was here required to file a jury trial demand ten days after removal. Such was not the case, since the case was removed *before* the final pleading was filed. Hence, none of the provisions of Rule 81(c) apply and the time for filing of the demand is to be determined under Rule 38(b). That rule provides that the demand need not be filed until the tenth day after filing of "the last pleading." F.R.Civ.P. 38(b). A factual assertion as to why an act was not done on February 19 (ten days after removal) does not necessarily address the reason why the act was not done when it was actually required to be done (*e.g.,* on February 20, ten days after the answer was filed) assuming that the answer is ultimately the "final pleading."

Court's discretionary authority under F.R. Civ.P. 39(b) to authorize a trial by jury in the absence of a timely demand therefor. Defendant, in support of its objections to the plaintiff's Motion for Reconsideration, argues that the Magistrate, in denying plaintiff's motion for jury trial, applied the law in respect to occurrence of a waiver of the right to jury trial as announced by this Court in *Colgan v. New England Telephone and Telegraph Company*, No. 79–0216 P (D.Me.1982), (per Cyr, J.) and that the Magistrate properly exercised his discretion under Rule 39(b) to deny relief from such a waiver.

This Court has, on this reconsideration of the decisions of the Magistrate, considered the determination and application of the applicable law made by the Magistrate and has independently considered the propriety of a discretionary denial of the plaintiff's claim for relief from the effect of a waiver of the right to jury trial. The Court concludes that the applicable law was properly determined and applied by the Magistrate and finds no basis upon which to grant discretionary relief under F.R.Civ.P. 39(b) from the waiver of jury trial which did occur on the facts of this case.

The Complaint, alleging a cause of action for the wrongful death of Plaintiff's decedent, was filed on January 12, 1983, in the Superior Court in and for the State of Maine at Androscoggin County. The Complaint contained no express demand for jury trial. The Defendant removed the action to the United States District Court for the District of Maine on February 8, 1983, by docketing therein a petition for removal. At the time of removal Defendant had filed no answer or other pleading in the state court and Plaintiff still had not made any express demand for jury trial. The Answer was filed by the Defendant in the United States District Court on February 9, 1983. Discovery has proceeded at least to the extent of filing of Plaintiff's interrogatories to the Defendant and of the Defendant's answers to those interrogatories.

On June 17, 1983, the Plaintiff's counsel, in a letter to the Clerk, indicated that, "We do not wish to waive our right to a jury trial." Defendant pointed out in a letter of June 22, 1983, to the Clerk that a waiver had already occurred. Plaintiff's counsel, by a letter of June 24, 1983, to the Clerk, stated, "Contrary to [defense counsel's] position, no jury trial request was necessary under Rule 81 because this was an action for which a jury trial is provided without specific request in the State Court." In a letter dated July 5, 1983, to the Clerk, Plaintiff's counsel requested "that the Court direct, pursuant to Rule 81(c) that we demand a jury trial within a specified time." Defendant objected to that request and the issue of the existence of a waiver by the Plaintiff of her right to jury trial was set for consideration at the pretrial conference before the Magistrate.

A. *Occurrence of Waiver of Jury Trial*

The provisions of F.R.Civ.P. 81(c) prescribe the applicability of the Federal Rules of Civil Procedure to actions removed from the state courts. The rule provides in respect to the applicability to such actions of Federal Rules 38 and 39, which govern the availability of jury trial in this court, as follows:

These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal... If at the time of removal all necessary pleadings have been served, a party entitled to a trial by jury under Rule 38 shall be accorded it, if his demand therefor is served within ten days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner, within ten days after service on him of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the Court directs that they do so within a specified time if they de-

sire to claim trial by jury ... The failure of a party to make demand as directed constitutes a waiver by him of trial by jury.

F.R.Civ.P. 81(c). The first sentence of the quoted language from Rule 81(c) establishes as a broad, general proposition that any action removed to this court from the state court is to be governed *after removal* by the Federal Rules of Civil Procedure. Without more, the right to jury trial in a removed action can be secured only in compliance with the requirement of F.R.Civ.P. 38(b) that a demand for jury trial be served "not later than ten days after the service of the last pleading...." just as in the case of a civil action initially commenced in this court. The remaining quoted portions of Rule 81(c), however, extend specific treatment to the need for and the timing of a demand for jury trial in the case of a removed action. Under the second sentence of the quoted language it is specifically provided that, if at the time of removal "all necessary pleadings have been served," a demand for jury trial, which is by that language still required to be made, may be filed within ten days after the petition for removal is filed or after service of the notice of filing of the petition for removal, depending upon whether the demanding party is the party seeking removal. This sentence clearly does not apply to the present case because the answer had not been filed as of the time of removal. The record here clearly discloses that the answer was filed, after removal, in this court on February 9, 1983.

The third sentence of the quoted language applies only where the party seeking jury trial in this court has previously made "an express demand for trial by jury in accordance with state law." This provision of Rule 81(c) clearly does not apply here because the record establishes that no demand was made in state court for jury trial prior to removal.

The fourth sentence of the quoted language applies only where the party seeking jury trial in this court would not be required in the court from which the action

was removed to make any express demand in order to obtain trial by jury. The language provides that *if* that is the case in the state court, no demand for jury trial is required to be made in this court. This language obviates the necessity for a demand after removal of a case from the state court "only where the case automatically would have been set for jury trial in the court from which it is removed, without the necessity for *any* action on the part of the party desiring jury trial." *Segal v. American Casualty Company of Reading, Pa.,* 250 F.Supp. 936, at 939–40 (D.Md.1966) (emphasis added); *McRae v. Arabian American Oil Company,* 34 F.R.D. 513 (S.D.N.Y. 1964). As another court has described the impact of this sentence of Rule 81(c):

> "This provision is of limited applicability, and was intended to avoid inadvertent waivers of jury trials where state law requires that no express demand be made *at all.*"

*Williams v. Shell Oil Co.,* 487 F.Supp. 81, at 84 (E.D.Mich.1980) (emphasis in original). This Court has previously determined in *Colgan v. New England Telephone and Telegraph Company,* No. 79–0216 P (D.Me. 1982), that the procedural rule governing the manner in which jury trial is obtained in the courts of the State of Maine, M.R. Civ.P. 38(b), "requires that a demand for jury trial be made in the pretrial memorandum." The Court has for that reason concluded that the subject sentence of Rule 81(c) is not applicable where an action is removed from the courts of the State of Maine. *Id.* at rescript 3; These conclusions are clearly correct. *See* M.R.Civ.P. 38(b); Harvey, McGuire and Wroth, *Maine Civil Practice,* at 278 (Supp.1981).

The Court therefore concludes that a waiver of the right to jury trial did in fact occur pursuant to the pertinent provisions of the Federal Rules of Civil Procedure after removal of this action to this Court.

*B. Discretionary Relief From Waiver of Right to Jury Trial Under Rule 39(b)*

Under the principle articulated in the first sentence of Rule 81(c), the plaintiff is entitled to the benefit, after removal to this

court, of the provisions of the Federal Rules of Civil Procedure which would apply to a case initially commenced in this court. Accordingly, she seeks to be relieved from the consequences of her waiver of jury trial pursuant to the provisions of F.R.Civ.P. 39(b) wherein it is provided that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the Court in its discretion upon motion may order a trial by a jury of any or all issues. ." F.R. Civ.P. 39(b). In ruling upon this aspect of the plaintiff's claim, the Magistrate stated only, "I conclude that the plaintiff has not shown *any sufficient reason for the late filing of the jury trial demand* under *Colgan*." Report of Preliminary Pretrial Conference dated 7/14/83 at 2 (emphasis added). This statement may be read in either of two ways. First, it may be read as a declination by the Magistrate to exercise discretion under F.R.Civ.P. 39(b) because of the absence of any factual basis upon which to do so. Secondly, it may be read as a conclusion, based upon the exercise of discretion, that reasons put forth for the late filing of the jury trial demand are insufficient to justify the granting of relief under Rule 39(b).

■ The only material in the record supporting Plaintiff's claim before the Magistrate for the right to amend the complaint to demand jury trial is her motion and supporting memorandum which contain no factual assertion of any kind as to what the reason was for the lateness of the demand for jury trial.[3] The motion itself refers to a memorandum submitted in support of the motion and states that "[f]or the reasons submitted in that memorandum and because of the requirements of justice, the plaintiff requests that she be given leave to amend her complaint so as to add a request for a jury trial." The record contains a "Memorandum in Support of Plaintiff's Motion for Order for Jury Trial," docketed on the same date as the motion just referred to, and a careful review of that document displays that there is not any factual assertion in it as to the reason for the untimeliness of the demand for jury trial.

■ Accordingly, so far as the record discloses, the Magistrate had before him at the time of the writing of the Report of Pretrial Conference no factual predicate upon which he could exercise discretion with respect to the justifiability of relieving Plaintiff from her waiver of jury trial. For this reason, it appears reasonable to construe the Magistrate's statement, and the Court does so contrue it, as a declination to exercise jurisdiction under Rule 39(b) due to the absence of any proof as to the reason for the lateness of the demand for jury trial. In that respect the Court finds the Magistrate's decision to be entirely appropriate.

■ If the Court considers the matter as one for reconsideration by this Court of the Magistrate's decision pursuant to the final sentence of 28 U.S.C. § 636(b)(1)(A),[4] the

3. The Court elects in reviewing the action of the Magistrate not to regard the letter dated July 21, 1983, from Plaintiff's attorney to the Magistrate, written subsequent to the filing of the Magistrate's Pretrial Order, which proffers an explanation for Plaintiff's late filing of her jury trial demand. The factual assertion there made does not appear to have been made to the Magistrate prior to the filing of his decision. As stated in *Health Corp. of America, Inc. v. New Jersey Dental Assoc.*, 77 F.R.D. 488, 491–492 (D.N.J.1978):

Had the [plaintiff] raised this argument before the Magistrate, it is quite possible that it would have been determinative of a result in [her] favor ... However, the [plaintiff] neglected to present this possibility to the Magistrate ... Since this argument was not presented to the Magistrate for his considera-

tion before decision, the Court will not consider it now. A contrary result would undermine the rationale of the recent Magistrate Act amendments and would increase, rather than alleviate, the burden of the trial judge in pre-trial matters." *Id.*

Subsequent discussion in the text demonstrates that the Magistrate would not have been clearly in error in any event had he rejected the argument put forth in the letter. *See* 28 U.S.C. § 636(b)(1)(A).

4. The legislative history pertinent to the application of 28 U.S.C. § 636(b)(1)(A) states:

The last sentence of subparagraph (A) makes it clear that a judge of the court has the ultimate judicial prerogative to review and reconsider a motion or matter "where it has been shown that the magistrate's order is

state of the record in respect to the reason for the untimeliness of the jury demand is no different than it was before the Magistrate, with the single exception of counsel's letter of July 21, 1983, to the Magistrate.[5] That letter, apparently precipitated by the filing on July 14, 1983, of the Magistrate's Report of Preliminary Pretrial Conference in which he denied Plaintiff's request for a jury trial, reads as follows:

> I believe that the Report of Preliminary Pretrial Conference accurately sets forth the actions that you took at the pretrial conference. Perhaps for Justice [sic] Carter's benefit, however, I would suggest that your determination under the paragraph involving jury trial be amplified.

> As you recall, I indicated that the reason that no demand for jury trial was made earlier was because it was my understanding that Rule 81(c) did not require this. Moreover, the *Colgan* decision, which was never published, was apparently unknown to virtually all of the bar in the southern division. Ultimately then, what I presented to you was the failure of an explicit jury request which was unintended and based on an interpretation of Rule 81(c) which, according to your own comments, is fairly common.

> I believe that the above information, which sets forth the reason for late filing, may be a benefit to Justice [sic] Carter, and perhaps, therefore, should be made part of the record.

The content of the letter states for the first time a factual assertion of the reason for the untimeliness of the jury demand.[6] Viewed in its most positive light that reason is said to be that counsel erred in construing Fed.R.Civ.P. 81(c). Read in its most negative perspective, the reason may be said to be that a denial of jury trial can result only from an unfair application of a change in the Court's construction of Rule 81(c) implemented by the decision in the *Colgan* case.

Taken in either perspective, the assertion is insufficient to establish that the decision of the Magistrate to deny jury trial "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Counsel is charged to know the law. Reliance by the Magistrate upon an unpublished opinion of the court in *Colgan* applying Rule 81(c) does not obviate that responsibility in the circumstances of this case. *Colgan* represents but an instance of the application by this Court of Rule 81(c). It does not change the existing law of the district. Its holding does not

---

clearly erroneous or contrary to law." The standard of "clearly erroneous or contrary to law" is consistent with the accepted and existing practice followed in most district courts when reviewing a pretrial matter assigned to a magistrate under existing law. H.R.Rep. No. 1609, 94th Cong., 2d Sess. 6; 1976 U.S.Code Cong. & Admin.News pp. 6162–6174, at 6169; *see* also *Health Corp. of America v. New Jersey Dental Assoc.*, 77 F.R.D. 488, 490 (D.N.J.1978).

5. The Plaintiff has also submitted to this Court a "Memorandum in Opposition to the Defendant's Objections to the Motion for Reconsideration" in which she specifically discusses the jury trial issue and certain pertinent legal authorities with respect to the resolution of that issue and in which is incorporated by reference Plaintiff's prior pretrial memorandum and motions and memoranda submitted to the Magistrate. However, that document likewise does not contain any factual explanation setting forth the reason for the lateness of the jury trial demand or explaining the delay in its filing.

6. By any evidentiary standard the letter is not a part of the record on the merits of the Plaintiff's claim now before the Court. A letter written to the Court is not properly evidence. Adverse parties have not been provided with a formal opportunity to cross-examine as to its contents or to produce contradictory or rebuttal evidence in respect thereto. An additional factor diminishing its evidentiary worth in this case is that the letter contains a request to the Magistrate to amend or supplement his decision on which the Magistrate has never acted and on which adverse counsel have never commented. The Court does not, therefore, know if the Magistrate or adverse counsel accept the factual content of the letter as true. The Court could not properly consider the contents of the letter as part of the record if such consideration would result in a change of the decision reached by the Magistrate.

In order to obviate the need for further hearing on this issue, however, this Court has *assumed,* for purposes of demonstrating the propriety of the Magistrate's decision in any event, that the letter is part of the record.

derive from any exotic or novel legal reasoning or principle. It is founded upon prior holdings and preexisting textual comment.[7] The purposive evolution of the 1963 amendment of Rule 81(c), which cast it in its present form, was easily discoverable from a standard text on the subject:

> Prior to 1963, it was held that the fact that no demand for a jury trial was necessary in the state court did not relieve the party seeking a jury trial from the necessity of making his demand in the federal court after removal. There was a split of authority on the question whether a party who had made a timely demand in accordance with state law prior to removal would have to make a demand in the federal court after removal ... In 1963 Rule 81(c) was amended to make it clear that a demand made in the state court will be honored after removal and no new demand need be made, and further, that in cases in which no demand is required under state law, no demand need be made in the federal court after removal unless the court directs that a demand be made within a specified time ... Under the Rule as presently framed, then, the problem of inadvertent waiver of trial by jury is substantially eliminated, but the court and the parties are left free to check the intention of the other parties after removal where failure of the state law to require a demand leaves that intention ambiguous. *It is to be noted that the Rule excuses a demand only in cases where the right to jury trial exists under state law without a demand.*

7 J. Moore, *Moore's Federal Practice* (Part 2) ¶ 81.08, at 81–108 to 81–110 (emphasis added). Counsel cannot successfully claim, in view of the existing holdings on the point in question and the textual analyses of the

**7.** The opinion states:

However, read literally, this exception is applicable only where the state law does not require a jury demand *at any time;* thus, courts have held that it does not apply where the state rule requires a jury demand, albeit at a later stage of the proceedings than required by the federal rules. *See Williams v. Shell Oil Co.,* 487 F.Supp. 81, 84 (E.D.Mich. 1980); *Segal v. American Cas. Co. of Reading, Pa.,* 250 F.Supp. 936 (D.Md.1966);

Rule and of the decisions, that he was misled to his prejudice by a decision of this Court that did no more than follow those holdings and analyses. The error in understanding the plain meaning of the Rule is unfortunate but there is displayed in the record no sufficient reason to relieve the Plaintiff from the consequences of it.

### ORDER

For the foregoing reasons it is:

ORDERED as follows:

(1) That the Magistrate's pretrial decisions reflected by the Report of Preliminary Pretrial Conference dated July 17, 1983 are, after reconsideration pursuant to 28 U.S.C. § 636(b)(1)(A) APPROVED and ACCEPTED and shall stand on the issues so adjudicated as the law of this case.

(2) That this matter be and hereby is REMANDED to the Magistrate for such further action as may be appropriate.

So ORDERED.

*McRae v. Arabian Am. Oil Co.,* 34 F.R.D. 513 (S.D.N.Y.1964); 9 Wright & Miller, *Federal Practice and Procedure,* Civil: § 2319, at 90 (1971). *But cf. Higgins v. Boeing Co.,* 526 F.2d 1004 (2d Cir.1975) [although New York law requires jury demand, time for demand is not specified, and state trial judge has discretion to grant relief from waiver; therefore, Rule 81(c) exception would be applied in light of circumstances].

*Colgan, id.,* at 3.