**HARRIS BAKING COMPANY, Plaintiff,**

v.

**S.B. THOMAS, INC., Defendant.**

**Civ. A. No. 83–0116 B.**

United States District Court,
D. Maine.

Jan. 4, 1984.

Herbert H. Bennett, Robert Kline, Portland, Me., for plaintiff.

Daniel Amory, John A. Graustein, Drummond, Woodsum, Plimpton & MacMahon, Portland, Me., for defendant.

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S DEMAND FOR A JURY TRIAL AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ITS COUNTERCLAIM

GENE CARTER, District Judge.

### Facts and Procedure

Defendant, S.B. Thomas, Inc. (Thomas) is a New Jersey corporate manufacturer of baked goods. Plaintiff, Harris Baking Company (Harris) is a Maine-based manufacturer and distributor of baked goods. From about June 30, 1981, to December 31, 1982, Harris acted as the sole distributor in Maine of Thomas baking products. On or about December 14, 1982, Harris was advised by Thomas that Thomas was terminating its relationship with Harris effective December 31, 1982.

Harris filed the complaint against Thomas in this matter on February 24, 1983, in Kennebec County Superior Court. The action was removed by Thomas to this Court on March 21, 1983. Thomas' counterclaim was filed on April 4, 1983. Harris' amended complaint was filed on April 21, 1983. Thomas' amended answer to the amended complaint was filed on April 25, 1983. Harris' demand for a jury trial was filed on May 14, 1983.

Hearing was held in this matter on December 12, 1983, at which time oral arguments of counsel were heard on Harris' motion to amend its complaint to demand jury trial, Thomas' motion to strike the demand for jury trial, and Thomas' motion for summary judgment on its counterclaim. The parties had previously filed written briefs on the issues raised by these motions.

### Plaintiff's Demand for a Jury Trial

At oral argument in this matter on December 12, 1983, Harris conceded that it had waived its right to a jury trial because it had failed to file a jury demand within the prescribed time period. Rule 81(c), Fed.R.Civ.P.; Rule 38(b), Me.R.Civ.P.; *Bonney v. Canadian National Railway Company*, 100 F.R.D. 388 (D.Me.1983); *Colgan v. New England Telephone and Telegraph Company*, No. 79–0216P (D.Me. 1982). Harris seeks, however, discretionary relief from this Court under Rule 39(b), Fed.R.Civ.P. "[N]otwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the Court in its discretion upon motion may order a trial by a jury of any or all issues...." Rule 39(b), *id.*

In a recent case this Court has indicated the need for a fact-specific basis for relief under Rule 39(b). *See Bonney, supra.* This Court, in reviewing the United States Magistrate's decision not to grant Rule 39(b) relief to the plaintiff in *Bonney*, determined that the Magistrate had no factual predicate before him by which he might have concluded that Rule 39(b) relief was warranted. The only factual assertions that existed in *Bonney* were contained in a letter from plaintiff's counsel to the Magistrate purporting to explain, after the filing of the recommended decision, the reason for the untimeliness of plaintiff's demand for jury trial. This Court found that such

material was an insufficient evidentiary predicate on which to invoke this Court's discretionary authority under Rule 39(b). *Bonney, id.,* n. 3.

 In the instant case the Court has an evidentiary predicate for the invocation of the authority to grant relief from a waiver of jury trial only Harris' assertions at oral argument that its counsel erred by misreading Rule 81(c), Fed.R.Civ.P. The Court concludes that here again there has been inadequate proof of the factual bases for relief under Rule 39(b). However, even if this difficulty were surmounted the substantive factual assertions of Harris' counsel would not justify the granting of the relief sought. An erroneous reading of Rule 81(c) is not, by itself, sufficient cause to be relieved from a waiver of jury trial. Counsel is charged to know the law. *Bonney, supra.* Absent some unique or compelling additional circumstance, a waiver of jury trial should stand. Just as "a mere palpable mistake by counsel or by counsel's staff" does not constitute excusable neglect sufficient to relieve from the consequences of counsel's mistake in other circumstances, *Spound v. Mohasco Industries, Inc.,* 534 F.2d 404, 410 (1st Cir.1976), *cert. den.* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (interpreting Fed.R.App.P. 4(a); *Airline Pilots in the Service of Executive Airlines, Inc. v. Executive Airlines, Inc.,* 569 F.2d 1174, 1175 (1st Cir.1978) (*per curiam*), it is not sufficient basis to overturn a fully effective waiver of jury trial. Accordingly, Plaintiff's demand for a jury trial is *DENIED.* Defendant's motion to strike Plaintiff's demand for a jury trial is thereby rendered moot.

### Defendant's Motion for Partial Summary Judgment on Its Counterclaim

Thomas has moved for partial summary judgment on its counterclaim. Thomas seeks recovery of $46,846.68 on the counterclaim, such amount representing the price of goods that Thomas sold to Harris during the period October 17, 1982, through January 1, 1983. Harris does not dispute that it received the goods, that the

price of the goods is the amount sought by Thomas and that Harris has not paid for the goods. Harris argues that Thomas' claim for the price of the goods is a proper subject for setoff against Harris' claim, once liquidated, for breach of a distributorship agreement. Harris argues further that if the summary judgment is granted under Fed.R.Civ.P., Rule 56, that entry of final judgment should be delayed by this Court pursuant to Fed.R.Civ.P., Rule 54(b).

Similar competing claims have been recently considered by other courts. In *Hellendall Distributors v. S.B. Thomas, Inc.,* 559 F.Supp. 573 (D.Pa.1983), plaintiff sued defendant alleging a breach of a distributorship agreement. Defendant counterclaimed for the price of goods that it sold to plaintiff. Plaintiff did not dispute that it had received the goods, that the price claimed by defendant was correct, and that plaintiff had not paid for the goods. Plaintiff's sole objection to the counterclaim was that plaintiff considered the amount of the counterclaim to be a subject for setoff against a judgment entered, *in futuro,* on plaintiff's complaint. The court found that the obligation to pay for goods tendered and accepted did not arise under the same contract as did the defendant's claim of breach of an alleged distributorship contract; therefore, the court granted summary judgment for defendant on its counterclaim. In a similar circumstance displayed in *C.R. Bard, Inc. v. Medical Electronics Corp.,* 529 F.Supp. 1382 (D.Mass.1982), the court granted plaintiff's motion for summary judgment. In *Bard,* the plaintiff sued defendant for the cost of goods that plaintiff had allegedly sold to defendant. Defendant counterclaimed alleging that plaintiff had breached a distributorship agreement between plaintiff and defendant and that plaintiff's claim should be set off against any judgment entered on defendant's counterclaim. Defendant did not dispute any of the essential facts alleged by plaintiff to establish its claim. The court said:

> Damages are deductible only against the price still due under the same con-

tract. Moreover, we believe that in order for a buyer to invoke § 2–717, the asserted breach must go to the essence of the transaction under which the seller seeks to recover his price. Here the breaches asserted by the buyer largely relate to the termination of the distributorship agreement; there is no hint that seller acted improperly in any way regarding the actual sale or delivery of the goods. A buyer should not be able, by asserting a remote breach of contract, to delay payment for goods accepted.

*Id.* at 1387.

█ The instant case is distinguishable from *Hellendall* and *Bard* in one crucial aspect. In those cases the price of the goods was a liquidated amount that was undisputed by the parties. In the instant case the parties dispute whether the commission promised to Harris by Thomas was 19% or 21%. This means that the actual price of the goods sold to Harris is in dispute. The fact that Thomas has, in alleging the price of goods for which it seeks recovery, allowed Harris a larger sales commission than Harris claims entitlement to under the distributorship agreement (21% versus 19%) does not change the result indicated above. On summary judgment the controlling determination is whether there *exist* genuine issues of material fact. If not, summary judgment may be granted. If, however, such issues do exist, they may not be resolved in proceedings for summary judgment. *Walgren v. Howes,* 482 F.2d 95 (1st Cir.1973).

Accordingly, Defendant's Motion for Summary Judgment on its counterclaim is DENIED.

### ORDER

It is hereby ORDERED that:

(1) Plaintiff's Demand for a Jury Trial is DENIED; and

(2) Defendant's Motion for Summary Judgment on its counterclaim is DENIED.

So ORDERED.