George G. FRENCH and Carol A. French, Plaintiffs,

v.

FLEET CARRIER CORPORATION, Defendant.

Civ. No. 83–0006 P.

United States District Court, D. Maine.

April 20, 1984.

Alexander MacNichol, South Portland, Me., Gerald F. Petruccelli, Petruccelli, Cohen, Erler & Cox, Portland, Me., for plaintiffs.

Louise K. Thomas, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for defendant.

## MEMORANDUM

GENE CARTER, District Judge.

This action involves Plaintiffs' demand for a jury trial filed with this Court on June 8, 1983, pursuant to Rule 39(b),[1] Fed.R. Civ.P. Plaintiffs' demand was not made within the time period prescribed by Rule 81(c), Fed.R.Civ.P. Accordingly, Plaintiffs request that this Court exercise its discretion under Rule 39(b) to grant their demand for a jury trial.

The pertinent procedural aspects of this case as set forth in the record may be briefly summarized. On December 7, 1982, a Complaint was filed in Maine Superior Court. No demand for a jury trial was made. On January 6, 1983, Defendant removed the case to United States District Court pursuant to 28 U.S.C. § 1441. Defendant simultaneously filed its answer. Plaintiffs did not file a demand for a jury trial within 10 days after service of the notice of removal as required by Rule 81(c), Fed.R.Civ.P. A preliminary pretrial conference was held on May 11, 1983. Plaintiffs did not file a pretrial memorandum at least two days prior to the pretrial conference as required by Local Rule 21(b).[2] Plaintiffs attempted to file their demand for a jury trial on May 13, 1983. This attempt was denied because Plaintiffs did not file an accompanying memorandum of law. Finally, Plaintiffs successfully filed their demand for a jury trial on June 8, 1983.

■ Plaintiffs do not dispute that they missed the deadline for filing a demand for a jury trial in cases removed to federal court.

If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under rule 38 shall be accorded it if his demand therefor is served within *10 days* after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within 20 days after service on him of the notice of filing the petition.

Rule 81(c), Fed.R.Civ.P. (emphasis in original). In this case Defendant had filed its answer along with its notice of removal on January 6, 1983. To be timely under Rule 81(c), the demand for a jury trial had to be filed by January 16, 1983. Plaintiffs' motion for a jury trial was not filed until June 8, 1983, almost five months beyond the Rule 81(c) deadline.

■ Plaintiffs argue that this Court should follow the Maine rule of procedure instead of the Federal rule because the substantive law should govern a party's entitlement to a jury trial. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). However, as previously observed in n. 2, *supra*, the Plaintiffs have waived their right to a jury trial even under the Maine rule.

Plaintiffs also appeal to this Court's discretion under Rule 39(b), Fed.R.Civ.P. based upon their argument that a denial of their motion would act as an infringement of the Plaintiffs' constitutional right to a jury trial.

The Court has had occasion to consider the implications of *Erie* and *Hanna v. Plumer* as those cases pertain to the ability of this Court to exercise its discretion and grant a demand for a jury trial to a party

---

1. Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the Court; but notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the Court in its discretion upon motion may order a trial by a jury of any or all issues. Rule 39(b), Fed.R.Civ.P.

2. At this point, had the case still been in state court, the Plaintiffs would have been deemed to have waived their demand for a jury trial. Rule 16(a)(3)(E), Me.R.Civ.P., requires that the pre-

trial memoranda contain a demand for a jury trial and Rule 16(a)(1) requires that it be filed with the court before the pretrial conference. Rule 38, Me.R.Civ.P. requires that the jury demand be made in the pretrial memorandum unless the court has specifically excused the party from doing so. Since Plaintiffs did not file a pretrial memorandum by the time that a pretrial conference was held on May 11, 1983, that failure constituted a waiver of their right to a jury trial under Rule 38(d).

who had otherwise waived his right. In *Bonney v. Canadian National Railway Company*, 100 F.R.D. 388 (D.Me.1983), this Court examined Rule 81(c) and found that it required a sufficient factual predicate for the proper exercise of the Court's discretion. In *Bonney*, Plaintiff failed to show any reason for the lateness of his demand for a jury trial. In *Harris Baking Company v. S.B. Thomas, Inc.*, 585 F.Supp. 750 (D.Me. January 24, 1984), the Court found that there was no factual predicate upon which the Court could exercise its discretion and grant the demand for a jury trial. The Court further held that even if a factual predicate had been shown, the substantive factual assertions would not justify granting the relief sought. Counsel in that case had argued that he had committed excusable neglect in that he had not been aware of the differences between Maine and federal procedure. The Court determined that this is insufficient basis as a matter of law to constitute excusable neglect and therefore the Court would not exercise its discretion.

In view of *Bonney* and *Harris*, Plaintiffs in this case assert that Rule 81(c) is unconstitutional if this Court is going to utilize the criteria that it set forth in these cases.

■ In order for this Court to find that Rule 81(c), interpreted in light of *Bonney* and *Harris*, is unconstitutional, however, the Court would have to find that the Advisory Committee, the Supreme Court and Congress had no rational basis upon which to conclude that this is a procedural rule. *See Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Rioux v. Daniel International Corporation and Commercial Concrete Corporation*, 582 F.Supp. 620 (D.Me.1984). In *Rioux, id.*, this Court, applying the rule of *Hanna*, found that Congress' power to promulgate rules for application in federal courts was constitutionally provided for and that "[t]he Federal Rules should be given their plain meaning. If a direct collision with state law arises from that plain meaning, then the analysis developed in *Hanna v. Plumer* applies." *Rioux, id.*, n. 6, *quoting Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 n. 9, 100 S.Ct. 1978, 1985, 64 L.Ed.2d 659 (1980). *But, cf. Moe v. Avions Marcel Dassault-Breguet Aviation*, 727 F.2d 917 (10th Cir.1984).[3] The *Hanna v.*

---

**3.** The Court notes that there is very recent case law that has decided this issue differently from this Court's past decisions. In *Moe*, the Tenth Circuit Court of Appeals held that the Colorado rule of evidence with respect to the admissibility of subsequent remedial repairs, Rule 407, should be applied in diversity cases rather than the federal Rule 407. The court held that because the underpinnings of both the state and federal Rule 407 are considerations of substantive policy, the state Rule 407 must be utilized as opposed to the federal rule.

> We hold that when such conflicts arise, because Rule 407 is based primarily on policy considerations rather than relevancy or truth seeking, the state rule controls because (a) there is no federal products liability law, (b) the elements and proof of a products liability action are governed by the law of the state where the injury occurred and these may, and do, for policy reasons, vary from state to state, and (c) an announced state rule in variance with Rule 407 is so closely tied to the substantive law to which it relates (products liability) that it may be applied in a diversity action in order to effect uniformity and to prevent forum shopping.

*Id.* at 932. The *Moe* court found that the analysis set forth in *Hanna v. Plumer*, 380 U.S. 460,

85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), is inapplicable because the cause of action in that case is a state cause of action and therefore a state policy matter. *Moe, id.* at 932.

The *Moe* court's analysis is based primarily on the assumption that Rule 407 is substantive in nature. This approach, however, fails to consider the fact that the method of promulgation of the Federal Rules of Evidence, i.e., direct enactment by Congress, places the utilization of all federal rules of evidence in the federal courts, even in diversity cases, "on even firmer ground than that of the Rules of Civil Procedure." C. Wright, A. Miller & E. Cooper, 19 *Federal Practice and Procedure*, § 4512 at 192–93 (1982) (footnotes omitted).

It is evident to this Court that all rules have policy considerations that underlie them. The Supreme Court, however, has said that federal rules are to be applied in diversity cases unless it can be shown that a particular rule in question cannot rationally be classified as procedural. The Court reads this language to be a determination by Congress and the Supreme Court that the ability of federal courts to govern their own proceedings takes precedence over state policy considerations when two rules, rationally classified as procedural, are in conflict. The Court believes that this does not do violence to

*Plumer* analysis involves a determination as to whether a rule is substantive or procedural.

> For the constitutional provision for a federal court system (augmented by the necessary and proper clause) carries with it congressional power to make rules governing the practice and pleading in those courts, which in turn includes a power to regulate matters which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either.

*Hanna v. Plumer*, 380 U.S. at 472, 85 S.Ct. at 1144. Plaintiffs in this case make no showing that the classification of Rule 81(c) as procedural is not rationally based and this Court finds no basis upon which to so hold.

Accordingly, it is ORDERED that Plaintiffs' Motion for Jury Trial be, and is hereby, DENIED.

So ORDERED.

---

*Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and that the better approach to this problem is to adhere to *Hanna* and its progeny rather than to enter the "uncertain area between substance and procedure...." *Hanna,* 380 U.S. at 472, 85 S.Ct. at 1144.