Rodney L. COOPERMAN, and Rodney L. Cooperman Manufacturer's Representative's Inc., a Minnesota Corporation, Plaintiffs,

v.

R.G. BARRY CORPORATION, an Ohio Corporation, Defendant.

Civ. No. 4-91-633.

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 28, 1992.

Joseph A. Thomson, Lindquist & Vennum, Minneapolis, Minn., for plaintiffs.

John Walter Getsinger, Robert Lee DeMay, Carolyn Chalmers, Leonard Street & Deinard, Minneapolis, Minn., G. Ross Bridgman, Vorys Sater Seymour & Pease, Columbus, Ohio, for defendant.

## ORDER

FRANKLIN L. NOEL, United States Magistrate Judge.

This matter was before the undersigned United States Magistrate Judge on November 25, 1991 on defendant's motion to strike plaintiffs' October 17, 1991 jury demand. Also before the court is plaintiffs' motion for a jury trial under Rule 39(b). Plaintiffs were represented by Joseph A. Thomson, Esq. Defendant was represented by Robert L. DeMay, Esq.

Because this case was removed to federal court from state court, where jury demands are not routinely made at the time a complaint is filed, these motions require the court to analyze and reconcile the requirements of Rules 38(b) (demand for jury trial must be made within 10 days after service of the last pleading directed to issues triable to jury) and 81(c) (jury demand in removed cases need not be made, if state law does not require express jury demands). Because this court finds that, under these rules, plaintiff's demand was untimely, the court must also apply Fed. R.Civ.P. 39(b) (discretion of the court to order jury trial, notwithstanding the failure of a party to make a timely demand). Plaintiffs were represented by Joseph A. Thomson, Esq. Defendant was represented by Robert L. DeMay, Esq.

## PROCEDURAL HISTORY

Defendant R.G. Barry Corporation ("Barry") markets, designs and manufactures slippers and other footwear products under various brand names and distributes its products to various retail establishments. Plaintiffs ("Cooperman") acted as a manufacturer's representative for Barry in Minnesota, North Dakota and Wisconsin. As a manufacturer's representative, Cooperman obtains orders for merchandise, ensures that orders are filled and merchandise is shipped on time, and assists customers in marketing merchandise. Cooperman has acted as Barry's account representative for Minneapolis/St. Paul area Target stores since 1963. Cooperman alleges that in 1988 Barry began a campaign to phase out independent sales representatives, including Cooperman.

On July 19, 1991 Cooperman filed an action in Hennepin County District Court asserting claims for damages against Barry. Cooperman also seeks a declaration that Barry has no legal right to terminate Cooperman as its representative or to reduce Cooperman's commissions.

On August 16, 1991 Barry removed the case to this court because it is a civil action between citizens of different states and the amount in controversy exceeds fifty thousand dollars ($50,000). On August 23, 1991 Barry served and filed its answer to the complaint. On October 11, 1991 the Honorable Harry H. MacLaughlin dismissed Cooperman's claim under the Minnesota Consumer Fraud Act for failure to state a claim under Fed.R.Civ.P. 12(b)(6). 775 F.Supp. 1211. On October 17, 1991 Cooperman filed a demand for a jury trial on all issues triable by a jury, pursuant to Fed. R.Civ.P. 38 and 81(c). On November 5, 1991 Barry moved to strike Cooperman's jury demand. On November 12, 1991 Barry consented to allow Cooperman to serve and file an amended complaint seeking damages under Minnesota's Manufacturer's Representative's Statute. On November 18, 1991 Barry moved to dismiss all counts of the amended complaint pursuant to Rule 12(b)(6) and 12(c), except Cooperman's breach of contract claim. Barry's motion to dismiss is pending before the district court. On November 19, 1991 Cooperman filed a motion for a jury trial pursuant to Fed.R.Civ.P. 39(b) on all issues triable by a jury as set forth in the amended complaint. On December 5, 1991, Barry filed its amended answer to the amended complaint.

On November 25, 1991 the court held a hearing on Barry's motion to strike Cooperman's jury demand as untimely and Barry's motion for a jury trial under Fed. R.Civ.P. 39(b). The court took the motions under advisement. Although the court finds that Cooperman's October 17, 1991 jury demand was untimely, the court will grant Cooperman's motion for a jury trial under Rule 39(b), and will deny Barry's motion to strike the jury demand.

## ANALYSIS

*A.  Timeliness of Cooperman's Jury Demand*

Barry moves to strike Cooperman's October 17, 1991 jury demand on the grounds that it was not timely made under Fed. R.Civ.P. 38(b). According to Barry the plaintiffs waived their right to a jury trial because they failed to serve a jury demand 10 days after service of the last pleading raising an issue triable by a jury. *See*

Fed.R.Civ.P. 38(b). This case was originally filed in state court and removed to federal court on August 16, 1991. Barry served its answer on August 23, 1991. Barry argues that to have been timely, Cooperman's jury demand had to be served within 10 days; i.e. on or before September 2, 1991. As the jury demand was not served until October 17, 1991, argues Barry, Cooperman waived its right to a jury trial.

Cooperman claims that at the time of the hearing of this motion the time for filing a jury demand under Rule 38(b) had not yet expired because Barry's answer to the amended complaint had not yet been filed and a jury demand, therefore, could be filed up to 10 days after Barry's answer was served. In any event, Cooperman argues, at the time of removal, no jury demand was required to have been asserted in state court and therefore under Fed.R.Civ.P. 81(c) none was required in federal court.

### 1. Cooperman's jury demand is untimely under Rule 38.

■ Cooperman contends that its October 16, 1991 jury demand is timely because it was filed before service of Barry's answer to Cooperman's amended complaint. Fed.R.Civ.P. 38(b) (demand is timely if made within 10 days of service of the last pleading addressed to issues triable to a jury). As Barry's answer would constitute the last pleading addressed to the issues triable to the jury, Cooperman argues the jury demand was timely, having been filed *before* the answer to the amended complaint was served.

Cooperman's construction of Rule 38(b) is flawed. The Federal Rules of Civil Procedure allow for liberal amendment of pleadings. *See* Fed.R.Civ.P. 15. Under Rule 38(b), a party may make a jury demand within ten days of an amended complaint or answer only with respect to the new issues raised in an amended pleading. *See First Wisconsin National Bank of Rice Lake v. Klapmeier*, 526 F.2d 77, 80

(8th Cir.1985). The ten day deadline set forth in Rule 38(b) for making a jury demand would become a nullity if parties were allowed to make a jury demand for all issues alleged in the amended complaint whenever a party is allowed to serve and file an amended complaint. *See Id.*

### 2. Cooperman waived its right to a jury trial under Rule 81(c).

■ The matter of demand for a jury trial in a case removed from state court is governed by Fed.R.Civ.P. 81(c). Rule 81(c) provides, in pertinent part, that:

> If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim a trial by jury, they need not make demand after removal unless the court directs that they do so within a specified time if they desire to claim a trial by jury. The court may make this direction on its own motion and shall do so as matter of course at the request of any party. The failure of a party to make a demand as directed constitutes a waiver by that party of a trial by jury.

Fed.R.Civ.P. 81(c).

The question of whether the failure of a plaintiff in a removed case to expressly demand a jury waives his right to a trial by jury is a recurring problem this court frequently faces.

Under Minnesota state court practice, unlike in federal practice, the question of whether the case will be tried to the court or the jury is not decided at the pleading stage. Instead, jury demands in state court are governed by Minn.R. of Civ.P. 38.03, which requires the filing of a "note of issue" when a party is ready to place the case on a trial calendar. The Minnesota rule requires, among other things, that the note of issue state the issues of fact, and whether they are to be tried to the court or by a jury.[1]

1. The note of issue requirement will be abolished under the new Minnesota Rules of General Practice, effective January 1, 1992. After January 1, 1992, litigants in Minnesota courts shall make a jury demand pursuant to Minn. Gen.R.Prac. 111.02, providing that no later than 60 days after the action has been filed, each party shall submit a statement setting forth,

As a practical matter, most cases which are removed to federal court from Minnesota state courts have not reached the "note of issue" stage, and consequently jury demands have generally not been made.

The purpose of Rule 81(c), according to the Advisory Committee Notes, is to avoid unintended waivers of jury trial.[2] Plaintiffs here urge the court to read the rule to mean that no jury demand need be made in federal court, if none was required to have been filed in state court by the time the case was removed. Defendants on the other hand argue that the above quoted provision of Rule 81(c) applies only in those states which presume all trials are jury trials unless the parties affirmatively state otherwise. As Minnesota is not such a state, and does require the parties to make express demands (in the note of issue) in order to claim trial by jury, defendant contends that the rule requires a jury demand to be made within the times prescribed in Rule 81(c) and Rule 38(b).

Although the Second Circuit has recognized that jurisdictions which follow the "Note of Issue" practice may fall into a "gray area" not covered by Rule 81(c), *Cascone v. Ortho Pharmaceuticals,* 702 F.2d 389, 391 (2nd Cir.1983), most district courts which have addressed the issue agree with defendant that Rule 81(c) requires an affirmative demand unless the state court from which the case is removed automatically sets cases for jury trials without any express demand whatsoever.[3] *See, e.g., Williams v. Shell Oil Co.,* 487 F.Supp. 81, 84 (E.D.Mich.1980); *Segal v.*

*American Cas. Co.,* 250 F.Supp. 936, 939–40 (D.Md.1966).

Although Rule 81(c) is not without some ambiguity, this court is persuaded that the defendant's reading of it is the correct one. As Minnesota does not automatically set all cases for jury trial, but does require the parties to make express demands in order to claim trial by jury, a party who wants a removed case tried by a jury must make a jury demand in federal court, if none has yet been made prior to removal in state court. Plaintiff's jury demand in this case, filed more than 10 days after defendant's answer was served, was therefore untimely.

## B. Cooperman's Motion for a Jury Trial Under Rule 39(b)

The decision in this case, that Rule 81(c) does require jury demands in cases removed from Minnesota State Courts, will not likely end the legitimate confusion among Minnesota practitioners over the correct interpretation of Rule 81(c). This magistrate judge is therefore persuaded, in cases removed from state court, where the plaintiff fails to make a timely jury demand in reliance upon an erroneous interpretation of Rule 81(c), that the court should liberally exercise its discretion under Rule 39(b) to permit late requests for jury trial, unless the party opposing the jury demand can demonstrate substantial prejudice.

Rule 39(b) provides that:
Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure

---

among other things, whether the party claims a jury trial. The district judge will then issue a pretrial scheduling order no sooner that 60 days and no longer than 90 days after the action has been filed. *See* Minn.Gen.R.Prac. 111.03(a). The court may set forth in its scheduling order whether the case is a jury trial, or a court trial or if a jury trial has been waived by all the parties. Minn.Gen.R.Prac. 111.03(b)(7). It appears that if the case is removed to federal court before the a jury demand is made or the court issues its scheduling order, the potential for untimely jury demand in federal court still exists.

**2.** Prior to its amendment in 1963, Rule 81(c) required jury demands in all removed cases

within 10 days of removal, even if the state court from which the case was removed did not require the parties to make express demands in order to claim trial by jury.

**3.** In *Cascone,* the Second Circuit held that the federal trial court in a case removed from a New York state court did not abuse its discretion in granting plaintiff's petition for a jury trial, even though the request was untimely under the federal rules, where the timing of counsel's jury demand was consistent with New York State Court practice which employs a Note of Issue requirement similar to, though not identical with the Minnesota rule.

of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

Fed.R.Civ.P. 39(b). Cooperman filed the instant motion pursuant to 39(b) contemporaneous with filing its memorandum in response to Barry's motion to strike Cooperman's jury demand.[4]

It has been said that:

> The right to a jury trial in a federal court as declared by the seventh amendment is a basic and fundamental feature of our system. And when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary.

*First Wisconsin Nat'l Bank of Rice Lake v. Klapmeier,* 526 F.2d 77, 80 (8th Cir.1975) (quoting *Swofford v. B & W, Inc.,* 336 F.2d 406, 409 (5th Cir.1964)). Absent a showing of prejudice or other compelling reasons, the court should freely grant a motion for a jury trial made pursuant to Rule 39(b). *See Littlefield v. Ft. Dodge Messenger,* 614 F.2d 581, 585 (8th Cir.1980); *Hoffmann v. Alside, Inc.,* 596 F.2d 822, 823 (8th Cir. 1979).

At the hearing, Barry was unable to articulate any prejudice it would suffer if the court were to grant plaintiffs' motion for a jury trial pursuant to Rule 39(b). This court concludes that Barry will not suffer any legal prejudice nor is there any other reason to deny Cooperman's request for a jury trial. The litigation is in its early stages. Indeed at the time of the motion, the court had not yet held a scheduling conference pursuant to Rule 16, and no pretrial schedule had yet been adopted. While denial of the motion under these circumstances would not be an abuse of discretion, *see Littlefield,* 614 F.2d at 585 (denial of Rule 39(b) motion not abuse of discretion when jury demand was made at pretrial conference and no justification shown for failure to make timely jury de-

mand) granting the request is also well within the trial court's discretion. In light of the importance of the jury trial right and the lack of any prejudice to the defendant, the court will grant Copperman's motion pursuant to Rule 39(b) for a jury trial on all issues that are triable by a jury.

Accordingly, based on the files, records and proceedings herein,

IT IS ORDERED that:

1. Barry's motion to strike Cooperman's October 17, 1991 jury demand is DENIED;

2. Cooperman's motion for a jury trial under Rule 39(b) is GRANTED.

---

**4.** Although Barry objects to consideration of Cooperman's Rule 39(b) motion because Cooperman's motion was not noticed and filed in strict compliance with D.Minn. LR 7.1, the pleadings and arguments before the court are sufficient to consider the issue on the merits. *See FDIC v. Palermo,* 815 F.2d 1329, 1334 (10th Cir.1987).