CASHMAN HOLDINGS, INC. (f/k/a Cashbell Acquisition Co.), a Minnesota corporation, and Libby International, Inc., a Missouri corporation, Plaintiffs,

v.

Douglas E. CAMPBELL, Defendant and Third–Party Plaintiff,

v.

Michael CASHMAN, a Minnesota resident; James Beck, a Minnesota resident; Larry J. LaMere, a Minnesota resident; Lee Simmons, a Minnesota resident; Kenneth E. Broostin, a resident of Oklahoma; Robert M. Benja-min, a Minnesota resident; Jeanne M. Athey, a Minnesota resident; Cashman Holdings, LLC, a Minnesota corporation; and Hugh L. Libby, a resident of Kansas and Texas, Third–Party Defendants.

Douglas E. CAMPBELL, as a shareholder and on behalf of Cashman Holdings, Inc., Defendant and Third–Party Plaintiff,

v.

Michael CASHMAN, a Minnesota resident and Cashman Holdings, LLC, a Minnesota corporation.

No. Civ. A. 4–96–1175.

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 6, 1998.

James Kremer, for plaintiffs.

David Lutz, for defendant.

## ORDER

NOEL, United States Chief Magistrate Judge.

**THIS MATTER** was before the court on December 1, 1997, for a hearing on Defendant's Motion for Leave to Demand a Jury Trial. Because this case was removed to federal court from state court, this motion requires the court to analyze and reconcile the requirements of Federal Rules of Civil Procedure 38(b) (demand for jury trial must be made within 10 days after service of the last pleading directed to issues triable to jury), 81(c) (jury demand in removed cases need not be made, if state law does not require express jury demands), and Minnesota state law.

### PROCEDURAL HISTORY

Prior to its acquisition by plaintiffs, Cashman Holdings, Inc. (CHI), Libby International, Inc., ("Libby") was owned by Hugh L. Libby and the defendant Douglas E. Campbell was its president and chief operating officer. Libby had a contract with the United States Air Force to make large aircraft starting systems. In connection with the acquisition of Libby by CHI, Campbell received an ownership interest in CHI pursuant to an Exchange Agreement and Stock Ownership Agreement, and he entered into an Employment Agreement with Libby.

The plaintiffs allege that during the negotiations leading to the acquisition, Campbell failed to reveal information concerning a significant price dispute that Libby was having with AlliedSignal Inc., one of its suppliers. According to the plaintiffs, AlliedSignal refused to deliver engine systems to Libby at a price established by a memorandum of understanding between the USAF and Allied-Signal, and that AlliedSignal and Libby were in negotiations about the price as a result.

CHI and Libby commenced this action for declaratory relief in Minnesota State Court on November 12, 1996, alleging that Campbell's misrepresentations and omissions regarding the AlliedSignal price dispute during the course of the negotiations and due diligence examination of Libby render his Employment Agreement and Stock Ownership Agreement null and void. On December 2, 1996, Campbell removed the case to the United States District Court for the District of Minnesota. On March 12, 1997, based upon information in the parties' Rule 26(f) report, that no party had demanded a jury trial, this court issued a Pretrial Scheduling Order which provided that: "This case shall be ready for trial no later than January 1, 1998, at which time it will be placed on the court's non-jury trial calendar." On November 17, 1997, the defendant filed a motion for leave to file a demand for a jury trial.

### ANALYSIS

Rule 38(b) of the Federal Rules of Civil Procedure provides: "[a]ny party may demand a trial by jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleadings directed to such issues...." However, Rule 81(c) provides: "If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the courts direct that they do so within a specified time if they desire to claim trial by jury." The question before the court is whether Minnesota state law requires parties to make express demands in order to claim trial by jury. If express demands are required in Minnesota state court, then defendant has waived his right to a jury trial here in federal court. If not, then defendant is still entitled to a jury trial, even though he has not demanded one.

This court previously addressed this precise issue in *Cooperman v. R.G. Barry Corporation,* 141 F.R.D. 132 (D.Minn.1992). In *Cooperman,* a plaintiff's demand for a jury trial was untimely under Rule 38(b), because it fell outside of the prescribed 10 day period. The plaintiff in *Cooperman* argued that it still had the right to a jury trial under Rule 81(c) because the case was removed from a state court system that does not require the

parties to make express demands for a trial by jury. This court rejected Cooperman's argument because it read the Minnesota Rules, as then written, to require a party to make an express demand for a jury trial. *Id.* at 135.

In the present case, the defendant argues that the relevant Minnesota rules have changed since the *Cooperman* decision. He argues that the portion of Minn.R.Civ.P. 38.03 from which this court reasoned that Minnesota required an express demand for a jury trial has been repealed. As no other Minnesota law requires an express demand for a jury trial he argues that, under Rule 81(c), no demand is required in federal court, and his request for a jury trial is, therefore, not untimely.[1]

The plaintiffs argue that the defendant waived his right to a jury trial under Rule 38 by failing to make a timely demand and by failing to timely object to the court's pretrial scheduling order designating this matter as a non-jury case. The plaintiffs argue that Rule 81(c) does not negate the defendant's waiver because despite the change in Minnesota state law, the decision in *Cooperman* remains valid.

The court is persuaded that the Minnesota rules have changed, and that the analysis in *Cooperman* is no longer a correct statement of the law.

In *Cooperman,* this court concluded that in Minnesota parties were required to make an express demand for a jury trial because they were required by Minn.R.Civ.P. 38.03 to file a "note of issue," stating the issues of fact in the case, and whether these issues are to be tried to the court or by a jury. *Cooperman,* 141 F.R.D. at 134. However, Rule 38 was modified in 1993 and Minnesota no longer requires a note of issue. Minn.R.Civ.P. 38 Advisory Committee Comment. According to Rule 38, as it now reads: "In actions for the recovery of money only, or of specific real or personal property, the issues of fact shall be tried by a jury, unless a jury trial is waived or a reference is ordered." Minn. R.Civ.P. 38.01. The Rule goes on to explain what constitutes a waiver of the right to a jury trial:

> In actions arising on contract, and by permission of the court in other actions, any party thereto may waive a jury trial by:
>
> (a) failing to appear at the trial;
>
> (b) written consent, by the party or the party's attorney, filed with the court administrator; or
>
> (c) oral consent in open court, entered in the minutes.
>
> Neither the failure to file any document requesting a jury trial nor the failure to pay a jury fee shall be deemed a waiver of the right to a jury trial.

Minn.R.Civ.P. 38.02. In Minnesota, a jury trial now appears to be automatic unless a party takes affirmative action to waive that right. The Advisory Committee Comment to the 1993 Amendments states clearly that:

> The committee is of the opinion that waiver of the right to a jury trial should not be found from inaction or failure to pay a jury fee. The amendment, coupled with the abolition of the note of issue, should obviate any confusion or inadvertent waiver of the constitutionally protected right to a jury trial.

Minn.R.Civ.P. 38.02 Advisory Committee Comment.

Because Minnesota is now a state which does not require a party to make an express demand in order to claim the right to a jury trial, parties to cases removed from Minnesota state courts need not make jury demands in this court unless expressly required to do so by the court itself. As this case was removed from a Minnesota state court, the defendant did not waive his right to a jury trial by not filing a jury demand within 10 days of removal. The court, therefore, concludes that the defendant's motion for leave to demand a jury trial must be granted. The case will be set on the jury trial calendar.

Based upon the files, records, and proceedings herein,

---

1. The defendant also argues that his request for leave to request a trial by jury should be granted under Rule 39(b). Because the court concludes that the plaintiff did not waive his right to a trial by jury under Rule 81(c), it does not need to address the defendant's Rule 39(b) argument.

**IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Leave to Demand a Jury Trial is **GRANTED.** [# 40]