Willie WILLIAMS, Plaintiff,

v.

SHELL OIL COMPANY, a Foreign Corporation, Defendant.

Civ. A. No. 79–73377.

United States District Court, E. D. Michigan, S. D.

April 8, 1980.

Leonard D. McMahon, Ronald W. Crenshaw & Associates, Detroit, Mich., for plaintiff.

Gary E. Murg, Pepper, Hamilton & Scheetz, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This diversity action was originally filed in the Circuit Court for Wayne County, Michigan. Defendant, a foreign corporation, filed a timely petition for removal on August 29, 1979. This court held a status conference in October at which a trial date of March 3, 1980 was scheduled. On the stipulation of the parties, and with the approval of the court, the trial date was rescheduled for April 7, 1980.

On March 21, 1980, plaintiff filed a demand for a jury trial. No demand had been filed by either plaintiff or defendant prior to this date. Defendant then filed a motion to strike plaintiff's demand for a jury trial. That motion was granted on April 1, 1980. This memorandum opinion sets forth the reasoning of that ruling.

In support of its motion, defendant argues that plaintiff waived his right to a jury trial by filing his demand late, and that because the trial date in this action postdated the demand by only two weeks, the court should not exercise its discretion under F.R.C.P. 39(b) to grant a jury trial.[1] Plaintiff, in response, argues that he is entitled to a jury trial as a matter of right, and does not set forth any reasons why this court should exercise its discretion to grant a jury trial. As the discussion below clearly demonstrates, plaintiff has waived his right to a jury trial by his failure to file a timely demand, and his arguments are without merit.

The rule which governs jury demands for removed actions is F.R.C.P. 81(c), which provides:

> If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if his demand therefor is served within 10 days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within 10 days after service on him of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and

1. Defendant also argues that the submission of the joint pretrial order by the parties in which it was stated that a jury trial had not been demanded constituted an express waiver by plaintiff of the right to a jury trial. The court did not in any way rely on the contents of the pretrial order in making its ruling on defendant's motion.

shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by him of trial by jury.

Because no demand was filed within the 10 day period mandated by the rule, or in state court prior to removal, the first and second sentences of the rule quoted above do not apply. Plaintiff argues, however, that the third sentence of the rule does apply, because, under his interpretation of Michigan's General Court Rules, he could file his demand at any time prior to the close of the pretrial conference. Based on this interpretation, plaintiff argues that any demand filed before the pretrial conference in this court is a timely demand. Plaintiff's interpretations of the Michigan General Court Rules and F.R.C.P. 81(c) are both erroneous.

■ The time for filing a jury demand in Michigan's circuit courts is governed by G.C.R. 508.2(1) which provides:

.2 Demand.

(1) Actions Commenced in Circuit Courts. Any party may demand a trial by jury of any issue so triable of right by filing a demand therefor in writing at any time after the commencement of the action and not later than 30 days after the filing of the answer or a reply filed within the time prescribed. Such demand may be endorsed on a pleading of a party if notice of the demand is included in the entitlement of the pleading.

Under G.C.R. 508.4, however, a party is deemed to have waived his right to a jury trial when he does not make a timely demand or when he fails to deposit the jury fee prior to the close of the pretrial conference:

.4 Waiver; Withdrawal. The failure of a party to file a demand as required by this rule or to deposit the jury fee by the close of the pretrial conference constitutes waiver by him of trial by jury.

■ As the language of G.C.R. 508.2 and 508.4 makes clear, a party must preserve his right to a jury trial in Michigan's courts by doing two acts: first, he must make a timely demand, and second, he must make the required deposit prior to the close of the pretrial conference.[2] Failure to perform either of these requirements results in a waiver of the right to a jury trial. *Daver v. Zabel*, 9 Mich.App. 176, 156 N.W.2d 34 (1967), vacated on other grounds 381 Mich. 555, 164 N.W.2d 1 (1969), modified to conform with mandate 19 Mich.App. 198, 172 N.W.2d 701 (1969); *Jamison v. Lloyd*, 51 Mich.App. 570, 215 N.W.2d 763 (1974), leave to appeal denied. Under G.C.R. 508.4, therefore, plaintiff did not have the option to file a jury demand in state court at any time prior to the close of the pretrial conference.[3]

Moreover, even if plaintiff's interpretation of the Michigan rules on jury demands were correct, he would still not be entitled to a jury trial as a matter of right in this court, because the provision of F.R.C.P. 81(c) relied on by plaintiff would not be applicable in this situation. Plaintiff relies on that provision of Rule 81(c) which states:

If state law applicable in the court from which the case is removed does not require the parties to make express demand for trial by jury in accordance with state law, they need not make a demand after removal . . .

---

2. The Local Rules adopted by Wayne County Circuit Court do not change the time for filing a jury demand. On the contrary, by Administrative Order 1978–1, the statutory jury fee must be paid at the time that the demand is made in accordance with G.C.R. 508.2(1):

The statutory jury fee shall be paid at the time of filing a timely demand for jury trial in writing as provided in GCR 1963, 508.2(1). If notice of the demand is not included in the entitlement of a pleading as provided in GCR 1963, 508.2(1), the demand for jury trial shall

appear on a separate paper filed with the County Clerk. The County Clerk shall strictly enforce this order and shall refuse to accept for filing any pleading or separate jury demand which does not comply with this order and GCR 1963, 508. Failure to comply with this order and GCR 1963, 508 shall be deemed a waiver of trial by jury by the parties failing to comply.

3. See also footnote 2, *supra*.

This provision is of limited applicability, and was intended to avoid inadvertent waivers of jury trials where state law requires that no express demand be made *at all.* The provision is applicable

> only if the case automatically would have been set for jury trial in the court from which it was removed without the necessity of any action on the part of the party desiring jury trial. Wright and Miller, *Federal Practice and Procedure,* § 2319, Vol. 9 at 90 (1971).

The provision is not applicable in situations in which an express demand is required by state law, even if under state law the deadline for filing the demand would fall at some point after the petition for removal was filed. In other words, Rule 81(c) does not guarantee a right to a jury trial in every situation in which a party has not waived the right in state court prior to removal. *McRae v. Arabian American Oil Co.,* 34 F.R.D. 513 (S.D.N.Y.1964). *Segal v. American Cas. Co.,* 250 F.Supp. 936 (D.Md. 1966).

In accordance with the above analysis, defendant's motion to strike plaintiff's jury demand was properly granted.

So ordered.