**Diana RUIZ, Plaintiff,**

v.

**Sal RODRIGUEZ, individually and as Supervisor for General Cable, a Tennessee Corporation, Defendant.**

**No. CIV.F 01–5765 DLB.**

United States District Court,
E.D. California.

Feb. 26, 2002.

---

Sophia Lee, Blank, Rome, Comiskey and McCauley, Philadelphia, PA, Thornton Davidson, Fresno, CA, for Plaintiff.

Patti L. Williams, Jory, Peterson, Watkins and Smith, Fresno, CA, Michael J. F. Smith, Jory, Peterson and Sagaser, Fresno, CA, for Sal Rodriguez.

Steven E. Paganetti, Wild, Carter and Tipton, Fresno, CA, for General Cable.

General Cable, Highland Heights, KY, pro se.

### ORDER RE DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND (DOC 22)

BECK, United States Magistrate Judge.

On November 26, 2001, defendant General Cable Corporation ("General Cable") filed the present motion to strike plaintiff Diana Ruiz' ("plaintiff") jury demand. Defendant Sal Rodriguez ("Rodriguez") joins in the motion. The motion was heard on January 18, 2002, before the Honorable Dennis L. Beck,

United States Magistrate Judge.[1] Steven Paganetti appeared for defendant General Cable and Sophia Lee appeared for plaintiff.

## BACKGROUND

Plaintiff filed this action on June 15, 2001, alleging claims for sexual harassment, assault, battery, sexual battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and retaliation. With the complaint, plaintiff filed a separate Demand for Jury Trial. Plaintiff's counsel, then submitted a "packet" to a process server for service on defendants. According to the declaration of plaintiff's attorney the "packet" contained the Summons, Complaint, Order Setting Mandatory Scheduling Conference and the Demand for Jury Trial. Plaintiff's counsel received the executed proofs of service on July 24, 2001 and thereafter filed them with the court. The proofs of service indicated that the "packet" had been served, although the Demand for Jury Trial was not separately identified. Defendant Rodriguez filed his answer to the complaint on August 10, 2001 and defendant General Cable filed its answer on August 13, 2001.

On September 18, 2001, a mandatory scheduling conference was held. Defendant General Cable alleges that it was at this scheduling conference that it first learned that plaintiff had filed and the court had docketed a jury demand. Defendants maintain that prior to the scheduling conference, they had no knowledge that plaintiff had requested a jury because the complaint did not so indicate and they were not served with plaintiff's demand. At the scheduling conference, defendants informed plaintiff that they believed she had waived her right to a jury trial by failing to timely serve the demand. Later the same day, plaintiff served the jury demand on defendants.

On October 16, 2001, the court issued a Scheduling Conference Order setting the case for a jury trial on February 25, 2003. On October 25, 2001, plaintiff filed a First Amended Complaint which included a demand for a jury trial.

On October 26, 2001, defendant General Cable filed the present motion to strike plaintiff's jury demand. Defendant Rodriguez filed a joinder to the motion on December 13, 2001. Defendants argue that plaintiff's jury demand should be stricken based on plaintiff's failure to timely serve the demand on defendants in compliance with Federal Rule of Civil Procedure 38(b).

Plaintiff filed an opposition to defendants' motion on December 28, 2001. Plaintiff argues that the court has discretion to order a trial by jury under Rule 39(d) and Rule 6(b)(2) because any failure to comply with Rule 38(b) was not owing to counsel's "inadvertence, oversight, or lack of diligence," but rather was due to the failure of the process server to serve the documents as instructed. Alternatively, plaintiff argues that her First Amended Complaint is based on revised claims and factual issues and thus her right to a jury trial is revived.

Defendants filed a reply on January 11, 2002, wherein they argue that even if the failure to serve the jury demand was attributable solely to the process server and not to plaintiff's counsel, plaintiff had ample time to serve the demand upon learning of the defect and she failed to do so. Defendants further argue that the amended complaint is based on the same facts as the original complaint and therefore does not revive plaintiff's right to a jury trial.

## RELEVANT LAW

Federal Rule of Civil Procedure 38(b) states:

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand thereof in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2)filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

Federal Rule of Civil Procedure 38(d) provides that the failure of a party to serve and

---

1. The parties consented to the jurisdiction of a U.S. Magistrate Judge. On October 18, 2001, the Honorable Anthony W. Ishii reassigned the case to the undersigned for all purposes.

file a demand as required by this rule constitutes a waiver by the party of trial by jury. Fed.R.Civ.P 38(d).

Federal Rule of Civil Procedure 39(b) states:

Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

A wide divergence of opinion exists among the Circuit Courts of Appeal with regard to the circumstances under which a court may use its discretion to grant a jury trial under Rule 39(b). While some Circuits take a restrictive view of the circumstances justifying relief under Rule 39(b), others find the discretion granted to be very broad.[2]

■ The Ninth Circuit has held that the discretion given to a judge under Rule 39(b) is " 'narrow' and 'does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence.' " *Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd.,* 239 F.3d 1000, 1002 (9th Cir.2001); *Kletzelman v. Capistrano Unified School Dist.,* 91 F.3d 68, 71 (9th Cir.1996) quoting *Blau v. Del Monte Corp.,* 748 F.2d 1348, 1357 (9th Cir.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985), *Craig v. Atlantic Richfield Co.,* 19

F.3d 472, 477 (9th Cir.1994), *cert. denied* 513 U.S. 875, 115 S.Ct. 203, 130 L.Ed.2d 133 (1994)[that discretion is narrow and does not permit a court to grant relief where the untimely demand resulted from oversight, inadvertence or lack of familiarity with the Federal Rules].[3]

■ Other Circuits Courts, however, have interpreted Rule 39(b) to require a court to grant a motion for a jury trial "in the absence of strong and compelling reasons to the contrary." *Daniel Int'l Corp. v. Fischbach & Moore, Inc.,* 916 F.2d 1061, 1064 (5th Cir.1990); *Swofford v. B & W, Inc.,* 336 F.2d 406, 409 (5th Cir.1964), *cert. denied,* 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965); *See also Littlefield v. Fort Dodge Messenger,* 614 F.2d 581, 585 (8th Cir.1980) (citation omitted), *cert. denied,* 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980) (jury trial ought to be granted when no prejudice results); *Parrott v. Wilson,* 707 F.2d 1262, 1267 (11th Cir.1983), *cert denied,* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983). In general, the factors which these courts have considered in determining whether to grant a jury trial include: (1) whether there will be any prejudice to the opposing party in granting the relief; (2) whether granting the request for a jury trial will delay the trial or otherwise disrupt the proceedings; and (3) whether granting the request will have a negative effect on the court's calendar or the adminis-

**2.** *Lewis v. Time, Inc.,* 710 F.2d 549, 556–57 (9th Cir.1983) (finding discretion granted district court by Rule 39(b) to be narrow and not permitting the grant of motion where waiver occurred due to oversight or inadvertence) *overruled on other grounds by Unelko Corp. v. Rooney, 912 F.2d 1049, 1052–53 (9thCir.1990); Noonan v. Cunard S.S. Co.,* 375 F.2d 69, 70 (2d Cir.1967) (noting trend of district court decisions limiting discretion "to determining whether the moving party's showing beyond mere inadvertence is sufficient to justify relief"); *General Tire & Rubber Co. v. Watkins,* 331 F.2d 192, 197 (4th Cir.1964) (suggesting that exceptional circumstances may be required for district court to exercise its discretion to grant a Rule 39(b) motion), cert. denied, 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed.2d 498 (1964); *Kitchen v. Chippewa Valley Schs.,* 825 F.2d 1004, 1013 (6th Cir.1987) (finding under broad discretion granted district courts by Rule 39(b), untimely request for jury trial should not be denied absent strong and compelling reasons); *AMF Tuboscope, Inc. v. Cunningham,* 352 F.2d

150, 155 (10th Cir.1965) (holding that absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial); *Swofford v. B & W, Inc.,* 336 F.2d 406, 409 (5th Cir.1964) (finding Rule 39(b) motion should be granted "in the absence of strong and compelling reasons to the contrary"), cert. denied 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965); *EEOC v. Britrail Travel Int'l Corp.,* 129 F.R.D. 116, 117 (D.N.J.1989) (untimely jury demand resulting from inadvertence should be granted if no prejudice or severe docket disruption would result); *Ford v. Breier,* 71 F.R.D. 195, 197 (E.D.Wis.1976) (stating court should grant relief from apparent waiver absent overriding circumstances to the contrary).

**3.** Courts which have taken a restrictive view of 39(b) have reasoned that the rule was not intended to serve as a device to circumvent or bypass the positive action that must be taken under Rule 38 to obtain a jury trial.

tration of justice. *Parrott v. Wilson, supra,* 707 F.2d at 1267.

## DISCUSSION

■ In the present case, plaintiff's counsel was aware of the requirement to timely file and serve a jury demand. Although plaintiff timely filed the jury demand and submitted it to a process server for service on defendants, the process server apparently failed to serve the demand. The question then is whether the Court may exercise its discretion under Rule 39(b) to relieve plaintiff from the failure to timely serve the demand or whether the process server's oversight and/or inadvertence prevents the Court from exercising its discretion and the jury demand should be stricken.

The court finds that under the circumstances of this case, the failure to comply with Rule 38(b) was not the result of "oversight" or "inadvertence" of counsel or plaintiff. Here, counsel complied with all of the requirements of Rule 38(b). There is nothing included on the proofs of service which would have put an attorney on notice that the demand for jury trial was not served. The documents indicate that the "packet" was served. It was reasonable for plaintiff's attorney to assume this to mean that the demand was served.

This case is distinguishable from other Ninth Circuit cases where the court declined to exercise its discretion under Rule 39(b). This case is clearly distinguishable from cases cited by defendants in which the failure to file and serve a timely demand for jury trial was the result of counsel's oversight.[4]

■ Having determined that this is a case in which the court may exercise its discretion to grant a trial by jury, the court turns to the factors used by other Circuits to determine whether to grant relief under Rule 39(b) and finds that these factors favor denying defendants' motion to strike. Plaintiff served the demand for jury trial on the same day counsel first learned that it had not actually been served and just twenty-six (26) days after the time for a timely demand expired. The case was still at a very early stage of the proceedings. Defendants do not argue that they would be prejudiced by a jury trial and it is not apparent that a jury trial would significantly delay the trial. Moreover, this case clearly is one for which a right to a jury trial exists.

■ Finally, the court rejects plaintiff's argument that her amended complaint revives her right to a jury trial. The amended complaint simply adds more factual detail regarding the existing claims. An amended pleading asserting new factual issues may revive a previously waived right to jury trial (*See Las Vegas Sun, Inc. v. Summa Corp.* 610 F.2d 614, 620 (9th Cir.1979)), however, only as to the new issues.

Accordingly, despite this Circuit's narrow view of the courts' discretion under Rule 39(b), the Court finds that plaintiff should be allowed to litigate this case before a jury.

## CONCLUSION

The Court having read and considered the pleadings submitted in support of and in opposition to the present motion ORDERS defendants' motion to strike plaintiff's demand for a jury trial is DENIED.

IT IS SO ORDERED.

4. In *Wall v. National Railroad Passenger,* 718 F.2d 906, 909 (9th Cir.1983), cited by defendants, the court held that simply checking the box requesting a jury on the civil cover sheet cannot substitute for proper service under Rule 38(b) and the record did not demonstrate any reason, other than counsel's inadvertence, for the failure to comply with Rule 38(b). Similarly, in *Biesenkamp v. Atlantic Richfield Company,* 70 F.R.D. 365, 366 (E.D.Pa.1976), also relied upon by defendants, counsel failed to file or serve a demand for a jury trial but instead relied on his notation on the civil cover sheet requesting a jury to urge the court to exercise its discretion under Rule 39(b). The court declined to do so noting that plaintiff's attorney neglected to note on the Complaint a demand for Jury Trial which was an oversight on his part and does not warrant the granting of a Jury Trial under Rule 39(b).