Satinder SINGH, an individual,
Plaintiff—Appellant,

v.

SOUTHWEST AIRLINES CO., a Texas Corporation; et al., Defendants—Appellees.

No. 02–56479.

D.C. No. CV–99–01920–BTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 24, 2003.

---

1. A sarpanche is the leader of a village council. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1150 (9th Cir.1999).

Darren J. Quinn, Law Offices of Darren J. Quinn, San Diego, CA, for Plaintiff–Appellant.

Joann F. Rezzo, Gray, Cary, Ware & Freidenrich, San Diego, CA, for Defendant–Appellee.

Before HALL, O'SCANNLAIN, and McKEOWN, Circuit Judges.

## MEMORANDUM *

In this diversity action for negligence under California law, Satinder Singh appeals from the district court's judgment, after a bench trial, in favor of Southwest Airlines ("Southwest"). The facts and prior proceedings are known to the parties, and are restated here only as needed.

### I

### A

■ Singh contends that the district court erred in finding that Southwest had no duty to warn her of the presence of baby vomit on the terminal floor. Because Singh concedes that Southwest neither owned nor leased the area where she slipped and fell, her claim could only succeed if she demonstrated that Southwest controlled the area. *See Alcaraz v. Vece*, 14 Cal.4th 1149, 1158, 60 Cal.Rptr.2d 448, 929 P.2d 1239 (1997). Under *Alcaraz*, the issue of control is reserved for the trier of fact, *see id.* at 1171, 60 Cal.Rptr.2d 448, 929 P.2d 1239, and the district court below, in its capacity as the trier of fact, properly determined that Southwest did not exercise control over the area where the inci-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

dent occurred. The terminal walkway was used by the general public to reach departure gates, other airlines' ticket counters, and other terminal facilities; any use of the walkway by Southwest was therefore not exclusive. *See id.* at 1170, 60 Cal. Rptr.2d 448, 929 P.2d 1239 (characterizing defendants' control over strip of land as "treat[ing] this strip of land as if they did own it"); *see also Sprecher v. Adamson Cos.,* 30 Cal.3d 358, 368–69, 178 Cal.Rptr. 783, 636 P.2d 1121 (1981) (explicitly linking control with "supervisory power" and "the right of supervision"). At most, Southwest's conduct in this case amounts to "minimal, neighborly maintenance of property owned by another," which does not give rise to a duty to protect or warn. *See Alcaraz,* 14 Cal.4th at 1167, 60 Cal.Rptr.2d 448, 929 P.2d 1239. We therefore conclude that the district court did not clearly err in finding that Southwest did not control the area in question. *See Zivkovic v. S. Calif. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002).

### B

Singh also contends that the district court erred when it did not impose a duty of care on Southwest on the basis of the factors set forth in *Rowland v. Christian,* 69 Cal.2d 108, 70 Cal.Rptr. 97, 443 P.2d 561 (1968). But the California Supreme Court's most recent consideration of premises liability—*Alcaraz*—did not apply the *Rowland* factors as an alternative ground for finding a duty of care. Thus, we conclude that the district court did not err when it did not independently apply *Rowland. See Karen Kane Inc. v. Reliance Ins. Co.,* 202 F.3d 1180, 1183 (9th Cir.2000) ("[F]ederal courts sitting in diversity must apply the substantive law of California, as interpreted by the California Supreme Court.").

### II

■ Singh also argues that the district court erred in concluding that she had waived her right to a jury trial and was not entitled to relief from that waiver. She contends that she was not required to serve a demand for a jury trial within 10 days of removal because California law does not require an express demand. *See* Fed.R.Civ.P. 81(c). But we have construed California law as requiring an express demand. *See Lewis v. Time Inc.,* 710 F.2d 549, 556 (9th Cir.1983). Singh therefore waived her right to a jury trial by not complying with Rule 81(c).

■ Singh argues in the alternative that her "Notice of Amount of Special and General Damages" filed in California Superior Court constitutes an express demand. But the pleading serves only to indicate the amount of damages and does not explicitly request a jury trial. We therefore conclude that the Singh's damages notice was not equivalent to an express demand. *See Mondor v. U.S. Dist. Court for the C. Dist. of Calif.,* 910 F.2d 585, 586 (9th Cir.1990).

■ Finally, Singh contends that the district court abused its discretion in refusing to grant relief from the waiver of her right to a jury trial under Fed.R.Civ.P. 39(b). But we have repeatedly held that inadvertent or mistaken waivers do not entitle a litigant to relief under Rule 39(b). *See, e.g., Zivkovic,* 302 F.3d at 1086; *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins. Ltd.,* 239 F.3d 1000, 1002–03 (9th Cir. 2001); *Lewis,* 710 F.2d at 556–57. Because Singh concedes that the waiver was inadvertent, the district court properly declined to extend relief.

AFFIRMED.