608

**WAVE HOUSE BELMONT PARK, LLC, Plaintiff,**

v.

**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; Does 1 through 100, Defendants.**

No. 07CV393 IEG (JMA).

United States District Court, S.D. California.

Aug. 9, 2007.

John T. Brooks and John D. Edson of Luce, Forward, Hamilton & Scripps LLP, San Diego, CA, for Defendants.

Rocky K. Copley of the Law Office of Rocky K. Copley, for Plaintiff.

## ORDER (1) GRANTING DEFENDANT'S MOTION TO STRIKE UNTIMELY JURY DEMAND and (2) DENYING PLAINTIFF'S MOTION FOR RELIEF

GONZALEZ, Chief Judge.

Presently before the Court is Travelers Property Casualty Company's ("defendant") motion to strike plaintiff's untimely jury demand. (Doc. No. 12.) Also presently before the Court is Wave House Belmont Park's ("plaintiff") Rule 39(b) motion for relief. (Doc. No. 14.) For the reasons stated below, the Court grants defendant's motion and denies plaintiff's motion.

### BACKGROUND

Defendant's property and casualty insurance policies provided coverage for plaintiff's buildings in San Diego. (Compl. ¶ 7.) From December 27, 2004 to January 11, 2005, storms in San Diego County caused wind and

rain damage to the roof of one such building. (*Id.* ¶ 8.) On November 30, 2006, plaintiff filed a complaint in San Diego County Superior Court to recover benefits due under the policies. (*Id.* ¶¶ 10–11.) Plaintiff alleged causes of action for breach of contract, declaratory relief, and breach of the implied covenant of good faith and fair dealing.[1] (Compl., at 3, 5–6.)

Defendant filed its notice of removal and answered the complaint on March 2, 2007. (Doc. No. 1.) When defendant removed the case, plaintiff's counsel, a solo practitioner, was preparing for motions *in limine* and trial in another Superior Court case.[2] (Copley Decla. IOT Strike ¶ 6.) On March 4, 2007, counsel reviewed the pleadings and determined the removal was proper. (*Id.* ¶ 5.) Counsel then drafted a memorandum to his assistant to prepare a demand for jury trial. (*Id.* & Exhibit A.)

Plaintiff's counsel again reviewed the file in this action on March 27, 2007. (*Id.* ¶ 7.) Counsel could not recall signing a demand for jury trial. (*Id.*) Counsel's assistant did not recall the memorandum instructing her to prepare the demand.[3] (*Id.*) Per counsel's instruction, the assistant prepared and filed the jury trial demand the same day. (*Id.* ¶ 8; *see* Doc. No. 7 (requesting jury trial for all issues in the case).)

By letter dated March 29, 2007, defendant's counsel informed plaintiff's counsel that the jury demand was untimely pursuant to Federal Rules of Civil Procedure 38(d) and 81(c). (Edson Decla. ISO Strike, Exhibit E.) Plaintiff's counsel responded by letter dated April 6, 2007, asserting that plaintiff complied with Rule 81(c) because California law did not require that plaintiff make an express demand for jury trial. (Copley Decla. IOT Strike, Exhibit C, at 4.) If the demand was not timely, counsel also argued

that equitable grounds would permit a jury trial. (*Id.* at 5.)

On April 24, 2007, defendant's counsel demanded that plaintiff voluntarily withdraw its jury demand because plaintiff's counsel did not articulate a valid basis for relief from an untimely jury demand. (Edson Decla. ISO Strike, Exhibit G.) On April 27, 2007, plaintiff's counsel refused to withdraw the jury demand. (Copley Decla. IOT Strike, Exhibit E, at 11.)

On May 30, 2007, defendant moved to strike plaintiff's jury demand. (Doc. No. 12.) On June 8, 2007, plaintiff moved for relief pursuant to Rule 39(b), if the Court found the jury demand was untimely. (Doc. No. 14.) The parties filed their respective oppositions on June 18, 2007. (Doc. Nos. 19–20.) Defendant filed its reply on June 25, 2007 (Doc. No. 22), and plaintiff filed its reply on June 28, 2007 (Doc. No. 23). The matter is now fully briefed, and the Court finds it appropriate for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## DISCUSSION

### A. Legal Standard

In removed cases:

> [i]f state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury.

Fed.R.Civ.P. 81(c). Where state law requires express demand and the non-removing party did not demand the jury trial in state court, the party must serve a demand for jury trial "within 10 days after service on the party of the notice of filing the petition."[4]

---

1. Thomas Lochtefeld, an individual, was also named as a plaintiff in the complaint, but the Court granted the parties' joint motion to dismiss Mr. Lochtefeld from the case without prejudice on May 29, 2007. (Doc. No. 12.)

2. *Ronald Martin v. Ocean Horizon, Inc.*, Case No. GIC858770.

3. Counsel subsequently discovered the memorandum in the file for the *Ronald Martin* case while

counsel prepared for a retrial of that action. (Copley Decla. IOT Strike ¶ 10.)

4. Where the defendant does not answer the complaint before removal, the plaintiff may demand a jury trial within ten (10) days of service of the answer. *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1063 (9th Cir.2005); *see* Fed. R.Civ.P. 38(b) (requiring service of jury demand "not later than 10 days after the service of the

*Id.* The failure to serve and file a timely jury demand "constitutes a waiver by the party of trial by jury." *Id.*

■ "[N]otwithstanding the failure of a party to demand a jury [within the ten-day period], the court in its discretion upon motion may order a trial by a jury[.]" Fed. R.Civ.P. 39(b). In the Ninth Circuit, the court's discretion "is narrowly construed and 'does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence.'" *Shoals v. Home Depot, Inc.*, 422 F.Supp.2d 1183, 1192 (E.D.Cal.2006) (quoting *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir.2001)); *see Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086–87 (9th Cir.2002) (striking untimely jury demand of *pro se* plaintiff who was not aware of the time limit).

### B. Motion to Strike

■ The Ninth Circuit has held, "[u]nder California law, a litigant waives trial by jury by, *inter alia*, failing to 'announce that one is required' when the trial is set. We understand that to mean an 'express demand' is required." *Lewis v. Time Inc.*, 710 F.2d 549, 556 (9th Cir.1983) (internal citation to Cal. Civ.Proc.Code §§ 631, 631.01 omitted), *overruled on other grounds as recognized by Unelko Corp. v. Rooney*, 912 F.2d 1049, 1053 (9th Cir.1990); *cf. Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 905 (9th Cir.1982) (affirming district court's refusal to order jury trial where case was removed from California court and attorney mistakenly believed no demand was necessary under Rule 81(c)). Specifically, under California law, a party waives trial by jury "[b]y failing to announce that a jury is required, at the time the cause is first set for trial, if it is set upon notice or stipulation, or within five days after notice of setting if it is set without notice or stipulation[.]" Cal.Civ.Proc.Code § 631(d)(4). Al-

ternatively, a party waives trial by jury when it fails to deposit the requisite advance jury fees. *Id.* § 631(d)(5). Even if the jury trial right is waived, "[t]he court may, in its discretion upon just terms, allow a trial by jury[.]" *Id.* § 631(e).

However, California amended its jury trial demand statute in 2002 to add the following subsection: "The right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate. In civil cases, a jury may only be waived pursuant to subdivision (d)." Cal.Civ.Proc.Code § 631(a) (2005); *see* Cal. Const. art. 1, § 16 ("Trial by jury is an inviolate right and shall be secured to all[.]"). No Ninth Circuit opinion has addressed whether California continues to require express demand in light of the 2002 amendments.[5] District courts interpreting the amended statute continue to follow *Lewis* without addressing the effect (if any) of the amendments. *See Marcotte v. Allstate Indem. Co.*, No. C 05–05160 WHA, 2006 WL 870692, at *2 (N.D.Cal. Apr. 3, 2006) (following *Lewis* and applying ten-day deadline without addressing the reference to the state constitution in the 2002 amendments); *Ward v. Sunrise Assisted Living Invs., Inc.*, No. C–05–3165 MMC, 2006 WL 37030 (N.D. Cal. Jan. 5, 2006) (same). Citing the "inviolate" right to a jury trial guaranteed by the California Constitution, plaintiff claims California law did not require plaintiff to demand a jury trial expressly, and, therefore, plaintiff's jury trial demand could not have been untimely under Rule 81(c). (Pl. Opp. to Strike, at 4, 8.) In the absence of an authoritative statement from California courts, the Court considers here how federal courts in other states have interpreted similarly worded provisions.

Within the Ninth Circuit, Oregon is a state that does not require a party to make an "express demand" to obtain a jury trial. Un-

last pleading directed to such issue"). Because the defendant removed and answered the complaint on the same day (Doc. No. 1), and because plaintiff indisputably filed its jury demand more than ten days thereafter, this case presents no conflict between Rule 81(c) and the Ninth Circuit's interpretation of Rule 38(b).

5. In a 2003 memorandum disposition, the Ninth Circuit affirmed the district court's finding that California law required an express demand, but the district court made that finding in 2001, before California amended its statute. *Singh v. Sw. Airlines Co.*, 82 Fed.Appx. 549, 551 (9th Cir.2003); *see* Doc. No. 48 in case 99cv 1920 BTM (POR) (denying motion for reconsideration of order finding jury demand untimely).

der Oregon law, a jury tries all issues of fact unless the parties affirmatively stipulate to a non-jury trial or the court finds, as a matter of law, that Oregon's constitution or statutes preclude a jury trial of certain issues. Or. R. Civ. P. 51(C). Therefore, Oregon does not require a party to make an express jury demand, and, pursuant to Rule 81(c), a party does not have to make a jury demand after removal unless ordered by the federal court. *Gordon v. U.S. Foodservice, Inc.*, No. 05–83–KI, 2007 WL 2138584, at *1 (D.Or. July 23, 2007).

Similarly, where Minnesota previously amended its rule of civil procedure to delete the requirement of a "note of issue" specifying the trier of fact, the federal court held that a party did not have to make an express jury demand because a jury trial was "automatic unless a party takes affirmative action to waive that right." *Cashman Holdings, Inc. v. Campbell*, 177 F.R.D. 664, 666 (D.Minn.1998). Finally, by "preserv[ing] to the parties inviolate" the right to a jury trial and allowing parties to waive that right only by stipulation, Georgia law does not require parties to make an express jury demand. Ga.Code Ann. §§ 9–11–38 & 39, *cited in Clements v. Cont'l Cas. Ins. Co.*, 730 F.Supp. 1120, 1122 (N.D.Ga.1989).

By contrast, Arizona is a state within the Ninth Circuit that requires an "express demand." The applicable rule of civil procedure states, "[t]he right of trial by jury shall be preserved inviolate to the parties." Ariz. R. Civ. P. 38(a). A party "may demand" a jury trial anytime after the action commences "but not later than the date of setting the case for trial or ten days after a motion to set the case for trial is served, whichever first occurs." *Id.* 38(b). Failure to serve such a demand "constitutes a waiver by the party of trial by jury." *Id.* 38(d). Courts have interpreted Arizona's rule to require express demand because Rule 81(c) "dispenses with the jury demand only when the case would have been automatically set for a jury trial under the forum state's law without a jury demand." *Ramey v. Gordon*

*Trucking, Inc.*, No. CV–06–2131–PHX–PGR, 2007 WL 1576002, at *1 (D.Ariz. May 30, 2007); *accord Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 579 (D.Ariz.2003).

Similarly, by requiring that a jury demand be filed and served within twenty days of service of the last of an enumerated list of pleadings, Pennsylvania required an express demand within the meaning of Rule 81(c). *In re Asousa P'ship*, 264 B.R. 376, 394 (Bkrtcy.E.D.Pa.2001) (discussing Pa. R. Civ. P. 1007.1(a)); *accord Wysowski v. Sitmar Cruises*, 127 F.R.D. 446, 448 (D.Conn.1989) (holding that Connecticut law required party to expressly claim trial by jury by specifying time limits for filing a jury demand and mandating disposition by court of any case not appearing on the jury docket); *Williams v. Shell Oil Co.*, 487 F.Supp. 81, 83–84 (E.D.Mich.1980) (holding that Michigan law required express demand because party had to file jury demand within thirty days of answer and deposit the jury fee before the pretrial conference concluded).

California's jury demand statute is comparable to Arizona Rule of Civil Procedure 38. Although California recognizes a party's "inviolate" right to a jury trial under the state constitution, the statute clearly states that right is waived if the party does not request a jury trial at or shortly after the time when the court sets the case for trial. *See* Cal.Civ. Proc.Code §§ 631(a) & (d)(4). California's statute is not like Oregon Rule of Civil Procedure 51, which allows waiver of a jury trial only when the parties affirmatively stipulate to a bench trial or the law precludes jury trial of certain issues.

Importantly, courts have rejected plaintiff's argument here that California "does not require" express demand within the meaning of Rule 81(c) because "[t]he case had not progressed to the point that the plaintiff was required to do anything under California law in order to preserve its right to trial by jury."[6] (Pl. Opp. to Strike, at 6.) In *Williams*, the plaintiff argued that Michigan law did not require an express demand because plaintiff waived his jury trial right only

---

6. Plaintiff argues, in other words, that defendant removed the case to this Court before the case was set for trial in the state court. Plaintiff could not waive the right to a jury trial until the case was set for trial.

if he did not pay the jury fee by the end of the pretrial conference. 487 F.Supp. at 83. Even though defendant removed the case before the pretrial conference was held in the state proceedings, the district court struck the jury demand because

> an express demand is required by state law, even if under state law the deadline for filing the demand would fall at some point after the petition for removal was filed. ... Rule 81(c) does not guarantee a right to a jury trial in every situation in which a party has not waived the right in state court prior to removal.

*Id.* at 84. Therefore, Rule 81(c) precludes the requirement of a jury demand in federal court " 'only where the case automatically would have been set for jury trial in the court from which it is removed, without the necessity for *any* action on the part of the party desiring jury trial.' " *Bonney v. Canadian Nat'l Ry. Co.*, 100 F.R.D. 388, 392 (D.Me.1983) (quoting *Segal v. Am. Cas. Co. of Reading, Pa.*, 250 F.Supp. 936, 939–40 (D.Md.1966) (emphasis added in the original)); *accord Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 391 (2d Cir.1983) (state not requiring express demand "acts on the presumption that the parties desire a jury unless they affirmatively indicate otherwise"). That description does not fit California's statute, where a party must affirmatively demand a jury trial when the matter is set for trial or else waive the right to a jury trial. Even after the 2002 amendments referencing the right to trial by jury in the California Constitution, California continues to require an "express demand" of a jury trial.

California's statute does, however, contain a provision which the Arizona rule lacks: even if a party waives a jury trial (by, *e.g.*, failing to request a jury trial when the case is set for trial), the state court "may, in its discretion upon just terms, allow a trial by jury[.]" Cal.Civ.Proc.Code § 631(e). California courts construe this provision in favor of the party seeking trial by jury. *Gann v. Williams Bros. Realty*, 231 Cal.App.3d 1698, 1703–04, 283 Cal.Rptr. 128 (Cal.Ct.App.1991).

Federal courts have reached varying interpretations of analogous provisions in other states' laws. In New York, a party must state its jury demand in a "note of issue," but a court may grant discretionary relief from that requirement "if no undue prejudice to the rights of another party would result." N.Y. C.P.L.R. § 4102(e). Because Rule 81(c) does not address the "gray situation" where state law simultaneously requires an express demand and allows the court to grant discretionary relief, the Second Circuit has given New York's district courts discretion to allow untimely jury demands in removed cases. *Higgins v. Boeing Co.*, 526 F.2d 1004, 1007 (2d Cir.1975); *Ajnoha v. JC Penney Life Ins. Co.*, 480 F.Supp.2d 663, 677 (E.D.N.Y.2007).

Under Virginia law, if a party fails to demand a jury trial, "the whole matter of law and fact may be heard and judgment given by the court." Va.Code Ann. § 8.01–336(B). Even without a jury demand, the state trial court "may on its own motion direct one or more issues ... to be tried by a jury." *Id.* § 8.01–336(C). Federal courts have interpreted Virginia law to require an express demand because "a jury demand must be made to preserve the *right* to a jury, to 'claim trial by jury' in the language of FRCP 81(c)." *Keatley v. Food Lion, Inc.*, 715 F.Supp. 1335, 1337–38 (E.D.Va.1989) (emphasis in the original). Although a Virginia state court may order a jury trial without a jury demand, federal courts in Virginia do not read into Rule 81(c) any additional discretion to excuse an untimely jury demand in removed cases.[7]

In *Lewis*, the Ninth Circuit unambiguously held that California law required an express jury demand. 710 F.2d at 556. *Lewis* and its progeny never acknowledged the state court's discretion to grant a jury trial where the plaintiff waived the right, even though *Lewis* was decided eight years after the Second Circuit's opinion in *Higgins* construed Rule 81(c) to allow discretionary relief in removed cases. The Ninth Circuit's statuto-

---

7. Virginia's federal courts do, however, recognize their discretion under Rule 39(b) to order a trial by jury even if a party does not properly demand a jury. *Keatley*, 715 F.Supp. at 1338.

Rule 39(b) applies equally to cases that originate in federal court and that are removed from state court.

ry interpretation is, instead, consistent with that of the Virginia district court in *Keatley* because the potential for waiver of an unclaimed jury trial right means that the state "require[s]" an express demand under Rule 81(c). Therefore, the Court finds that, even though Civil Procedure Code § 631(e) allows a state court to grant discretionary relief from waiver, California law requires an express demand to obtain a jury trial. Plaintiff cannot rely on the provision in Rule 81(c) excusing a party from filing a jury demand where the case is removed from a state court that does not require an express demand. Rule 39(b) is the only way for plaintiff to obtain relief from its untimely jury demand.

### C. Motion for Relief

■ The Rule 39(b) motion for relief gives the Court discretion to grant a jury trial where a party's demand for jury trial is untimely. *Kletzelman v. Capistrano Unified School Dist.*, 91 F.3d 68, 71 (9th Cir.1995); *Ruiz v. Rodriguez*, 206 F.R.D. 501, 504 (E.D.Cal.2002). However, the Ninth Circuit forbids the district court from granting relief if the demand was untimely because of counsel's "oversight or inadvertence." *Pac. Fisheries Corp.*, 239 F.3d at 1002; *Shoals*, 422 F.Supp.2d at 1192. For example, the circuit affirmed the district court's striking an untimely jury demand where counsel attributed the delay to being "swamped with other work" and delegating the drafting of the complaint to an associate. *Chandler Supply Co. v. GAF Corp.*, 650 F.2d 983, 987–88 (9th Cir.1980). Where inadvertence is the cause of delay, the court denies relief even if the delay did not prejudice the opposing side. *See Kletzelman*, 91 F.3d at 71 (affirming denial of untimely jury demand filed less than one month late, where counsel conceded unawareness of Rule 38's ten-day require-

ment); *accord Shoals*, 422 F.Supp.2d at 1192 (finding no Ninth Circuit cases distinguishing the "no inadvertence" rule on the basis of the brevity of the delay).

Even though the Court accepts counsel's representations of acting in good faith with the full intent not to waive the jury trial right, the Court must deny plaintiff's motion for relief because the delay was attribute to counsel's oversight and inadvertence. While busy with preparation for another matter, plaintiff's counsel instructed a staff member to prepare a jury demand in this case. Counsel's staff member never obtained the memorandum. Counsel did not return to the matter of demanding a jury trial in this case until after the ten-day time limit expired. Ninth Circuit case law, especially the similar facts of *Chandler Supply*, preclude the Court from allowing this untimely jury demand.[8]

### CONCLUSION

California law continues to require an "express demand" to claim a jury trial. Because plaintiff filed its jury trial demand more than ten days after the filing and service of defendant's notice of removal and answer, plaintiff's demand was untimely. The inadvertence of counsel was the reason that plaintiff's demand was untimely. Therefore, the Court **GRANTS** defendant's motion to strike plaintiff's jury demand and **DENIES** plaintiff's motion for relief. The Clerk **SHALL STRIKE** plaintiff's jury demand. (Doc. No. 7.)

**IT IS SO ORDERED.**

---

**8.** Plaintiff relies on cases that are distinguishable or otherwise not binding on this Court. (*See* Pl. Opp. to Strike, at 11.) In *Ruiz,* the district court excused plaintiff's untimely service of the jury demand because counsel timely filed the demand and submitted the filings to the process server, who was solely responsible for the failure to effect service on the defendant. 206 F.R.D. at 505. Unlike *Ruiz,* counsel here never prepared a timely jury demand. Plaintiff also relies on a district court opinion from almost 70 years ago,

where plaintiff's counsel instructed a law clerk to file and serve a jury demand but then discovered closer to trial that the law clerk had not made the demand. *Peterson v. S. Pac. Co.,* 31 F.Supp. 29 (S.D.Cal.1940). Though not expressly overruled, *Peterson's* holding squarely contradicts more recent precedent of the Ninth Circuit. *See, e.g., Pac. Fisheries Corp.,* 239 F.3d at 1002. The remaining cases are from out-of-circuit courts applying more lenient interpretations of Rule 39(b).